## HINMAN *vs.* HAPGOOD.

An arbitrator may recover compensation for his services, without proving an express promise to pay.

Where the submission is to several arbitrators, each may maintain a separate action for his compensation.

ERROR to the Franklin common pleas. The cause originated in a justice's court, where Hinman as plaintiff recovered fifteen dollars and costs for five days services as an arbitrator against Hapgood, who was a party to the submission. The judgment was reversed in the common pleas upon *certiorari* prosecuted by Hapgood. The plaintiff brought error to this court.

On the trial before the justice, the plaintiff gave in evidence an agreement under seal executed by the widow of Jonathan Hapgood deceased and his children, of whom the defendant was one, by which they agreed to make a division among themselves of the real and personal estate of the deceased, and in case they should not be able to agree, then to submit the same to the plaintiff and one Sylvester Langdon, whose award was to be final and conclusive. There was a provision in the instrument that the necessary expenses should be paid equally by the parties interested. The plaintiff also proved that he and the other arbitrators spent five days in the hearing, of the matter, the defendant being present and taking part therein, after which and before the conclusion of the hearing, the defendant executed and served upon the arbitrators a revocation of their powers. The defendant insisted that an express promise to pay was necessary to sustain the action, and that in the absence of such promise the plaintiff was to be considered as having performed the services gratuitously.

*A. B. Parmele*, for the plaintiff in error, in answer to the ob-

Hinman v. Hapgood.

jection taken before the justice, cited *Niel Gow. R.* 7, 8; *Chitty on Contr.* 165, 166.

*W. A. Wheeler*, for the defendant in error, cited *Virany, ex'r*, v. *Warne*, 4 *Esp.* 47. He also insisted that both arbitrators should have been joined in the action.

*By the Court*, JEWETT, J. · The defendant relies upon the objection that no express promise or request by the defendant to the plaintiff to render such services had been proved, and therefore his services must be deemed to have been rendered gratuitously. *Virany, ex'r*, v. *Warne*, (4 *Esp. Rep.* 47,) is cited as decisive of this point. In that case the plaintiff's counsel in stating the case to the jury, said that the action was brought to recover a sum of money due to the testator for acting as an arbitrator on the part of the defendant in a certain dispute with another. Lord Kenyon decided that the plaintiff was not entitled to recover any thing unless he could prove an express promise. That the appointment of an arbitrator was not of such a nature as to raise a demand for payment.

Whatever may be the law in England, I do not doubt but in this state an arbitrator selected by the parties to perform such services and having performed the services, attended by the parties, may recover a reasonable compensation therefor, in the absence of an express promise to pay; and it has since the time of the case referred to, been so adjudged in England. (1 *Niel Gow.* 7, 8; *Chitty on Contracts*, 165, 166.) The evidence in this case shows that the plaintiff was appointed an arbitrator by the parties to the controversy, that the arbitrators were engaged five days as such, attended by the defendant and the other parties to the submission, and until the powers of the arbitrators were revoked by the defendant. I cannot doubt but the evidence showed a sufficient employment of the plaintiff as an arbitrator to entitle him to compensation for services rendered as such arbitrator.

An objection is made here, for the first time, that the plaintiff

in error could not sustain a separate action for his services; that the other arbitrator had a joint interest with him. Several cases have been cited, supposed to sustain this point, but I am unable to see the application of the principle decided by those cases to the question before us. I have no doubt but that the claim of each arbitrator is several and not joint, and that a joint action by the arbitrators for their compensation could not be sustained. The defendant cannot object that the other parties to the submission should have been joined. This could only be availed of by plea in abatement.

The judgment of the common pleas must be reversed and that of the justice affirmed.(*a*)

Judgment accordingly.

(*a*) The same questions which are decided in this case arose in the case of *Martin* v. *Sadler and others,* and were determined at this term in the same manner, the Chief Justice delivering the opinion of the court.