# N. Y. COMMON PLEAS.

## CHARLES DEVLIN agt. THE MAYOR, &c., and others.

*Referee — motion to substitute new referee — not disqualified by reason of offer of plaintiffs to stipulate for extra compensation.*

A referee is paid for his services by the party who takes up the report. He may maintain an action for them against the party liable for them. He has a lien upon his report for the amount of his fees, and is not bound to deliver his report until his fees are paid.

The fees of a referee are fixed by statute at three dollars per day, but the same statute provides that the parties may agree, in writing, upon any other rate of compensation (*Code, sec.* 313). This agreement for other compensation may be made orally, in the presence of the referee, and if entered on his minutes, the statute is complied with.

An offer made by one party, in the presence of the referee and the other party, to be responsible for an amount of fees that the other party refuses assent to, which offer was promptly rejected by the referee on the ground that all parties must consent, does not disqualify or prevent him from proceeding with the case.

The action of a referee in stating to the litigants before him what his usual charges were, and inquiring whether they had made an agreement on that subject, is wholly unobjectionable.

Such suggestions and offers bear no resemblance, in fact or in principle, to the case of a promise by a litigant to pay a judge or jury extra compensation for hearing or trying a cause, because the statute permits a higher rate of compensation to be paid a referee when all the parties agree to it; and the courts have held it proper to make such agreement in the referee's presence.

*Special Term, May,* 1877.

MOTION to substitute new referee in place of Hon. WILLIAM H. LEONARD, who required a stipulation from the parties for the payment of the customary charge of five dollars an hour

as referee, instead of the *per diem* allowance of three dollars, without stipulation.

*William C. Whitney*, for the corporation.

*Joseph J. Marrin*, for plaintiff.

*T. C. Cronin*, for defendant Donaldson.

J. F. Daly, *J.*— This cause has been at issue in this court several years; it was referred in 1865, tried, and a decision rendered in favor of plaintiff. The judgment entered on that decision was reversed by the general term of this court and judgment absolute ordered in favor of the defendants The Mayor, Aldermen and Commonalty of the City of New York, against the plaintiff and the other defendants (*Reported* 48 *How. Pr., R.* 457). Upon appeal the court of appeals affirmed the judgment of the general term so far as the reversal of the judgment entered on the report of the referee was concerned, but reversed it in so far as judgment absolute for the corporation was rendered, and ordered a new trial (*Reported* 63 *N. Y.*, 8). The cause was subsequently referred by this court to the Hon. William H. Leonard, to hear and determine. It appears that when the respective parties attended by counsel before the referee on April 18th, 1877, pursuant to notice of hearing, the following proceedings took place, the plaintiff being represented by Mr. Joseph J. Marrin, the corporation by Messrs. W. O. & C. A. H. Bartlett, and the defendant Donaldson by Mr. T. C. Cronin:

The Referee — There is sometimes an objection that the statute allows only three dollars a meeting for referee's fees. Is there an agreement between you in relation to that? I am in the habit of charging five dollars an hour.

Mr. Bartlett — I think that is an exceedingly reasonable charge, but I am not instructed on that point. I can only say that I presume the corporation counsel will agree to any

customary charge. I shall not object to any myself. I don't want it to appear hereafter myself that I surrendered any interests of the city. I think it is a monstrous statute.

The REFEREE — I could not act as referee at three dollars a sitting.

Mr. CRONIN — By the next meeting you will be informed as to that.

Mr. BARTLETTT — Yes, I have no apprehension that there will be any difficulty about it. For this session I would pay it out of my own pocket. I will be responsible myself for this session, and if the corporation counsel objects, I shall notify you of it, and I would refuse to proceed with the reference unless he does consent.

At the subsequent meeting of May 10, 1877, Mr. Bartlett, on behalf of the corporation, declined to stipulate for a higher compensation to the referee than the statutory fees of three dollars (*Code sec.* 313), and exhibited a letter to himself from the corporation counsel, in which the latter wrote that where there was no especial appropriation made by the city to pay referees' fees, and where a reference was ordered against his (the corporation counsel's) opposition, he would not agree to any charge greater than the three dollars per diem statutory allowance.

At the next meeting (May 11th, 1877), the following proceedings took place while the stenographer who reports the discussion was present :

Mr. W. O. BARTLETT [dictating to the stenographer] — Mr. Bartlett says, having refused yesterday to assent to any agreement for the payment of more than the statutory fees, Mr. Marrin to-day gives notice that the plaintiff will be responsible for any difference between the statutory fees and the charges of the referee.

The REFEREE — I do not choose to be beholden to the promises of either party, unless they unite in the agreement. I will try this case, and when the case is submitted and my decision is prepared, I will notify the prevailing party and

Devlin agt. Mayor.

shall expect to charge the customary fee of five dollars an hour and five dollars for every adjournment, which I shall expect the prevailing party to pay, and shall consider myself entitled to hold my report as security until it is paid, or until the prevailing party assents to doing so, unless the court should order me to deliver it without such payment.

Mr. BARTLETT — Whereupon Mr. Bartlett refuses to go on.

Mr. CRONIN — The defendants other than the city, are willing to stipulate under the section of the Code in writing that the fees of the referee be fixed at a larger sum than the sum of three dollars a day, and at the usual rate of five dollars an hour.

Mr. BURWELL [from the office of Scott & Crowell, having come in since the stenographer began to take notes] — And the defendant Thomas Hope concurs in what Mr. Cronin says.

Mr. MARRIN — Mr. Marrin says that these minutes are now being taken by the stenographer from the mouth of Mr. Bartlett, after what was really said had been said before the referee, and before the stenographer began to take his minutes, and that what he, Mr. Marrin, said, was, that as far as the plaintiff was concerned, he was willing to agree to the usual charges in excess of the statutory allowance, and that this was said by him before any thing was said by Mr. Bartlett about withdrawing from the case or refusing to go on.

Mr. BARTLETT — Mr. Bartlett says that he understood the words of Mr. Marrin to be precisely as he has stated them, and he has no earthly doubt whatever that he spoke those words; that he believes he spoke them now, and that being called upon to answer whether they were correct or not he refused to deny them or dispute them. He understood Mr. Marrin to say that the plaintiff would be responsible.

Mr. MARRIN — Mr. Marrin says that he did not refuse to answer any question that Mr. Bartlett put, but that a question arising before the referee as to who was entitled to speak first, Mr. Cronin or himself, he submitted himself to the order

of the court until such time as he should be allowed to speak, and that so far as the words "being responsible for" go, he did use them and uses them now, but used them in connection with the other part of what he said, to wit, that the. plaintiff was willing to agree, under the statute, with the other defendants and be responsible for his share of the fees in excess of the statutory allowance.

Mr. BARTLETT — There is a legal point involved here.

Mr. MARRIN — Won't you state it ?

Mr. BARTLETT — I don't suppose, your honor, after an offer is made by one party to be responsible for an amount of fees that the other party refuses assent to will think for a moment of going on with the reference.

The REFEREE — I do not see any reason why I should not proceed.

Mr. MARRIN — Suppose we go before another referee, judge · MITCHELL for instance, and you won't agree to pay him more than three dollars a day; and then we go before another and another referee and so defeat altogether the order of the court.

The REFEREE — It is idle to discuss this, proceed with the case.

The Messrs. Bartlett then withdrew.

Upon these proceedings the corporation counsel moves for an order removing the referee and vacating the order of reference. No ground for making such an order is shown. A referee is paid for his services by the party who takes up the report; may maintain an action for them against the party liable for them ; has a lien upon his report for the amount of his fees and is not bound to deliver his report until his fees are paid (*Hinman* agt. *Hopgood*, 1 *Denio*, 188; *Howell* agt. *Kenny*, 1 *How. Pr. R.*, 105 ; *Ott* agt. *Schoeppel*, 3 *Barb.*, 57). The fees are fixed by statute at three dollars a day, but the same statute provides that the parties may agree in writing upon any other rate of compensation (*Code*, *sec.* 313). This agreement for other compensation may be

Devlin agt. Mayor.

made orally in the presence of the referee, and if entered on his minutes the statute is complied with (*Philbin* agt. *Patrick*, 22 *How. Pr. R.*, 1; *Thurman* agt. *Fiske*, 30 *How.*, 397; *Townsend* agt. *Peyser*, 14 *Abb.* [*N. S.*], 324, *and* 45 *How. Pr. R.*, 211). The provision of law allowing the parties to the action to agree upon a higher rate of compensation than three dollars per day, and the course of decision on this provision approving of an oral agreement to that effect in the presence of the referee and of his entering such agreement in his minutes, must sometimes produce such discussions as that which took place in the presence of the referee in this case. The referee cannot prevent one party suggesting in his presence that a higher rate of compensation should be allowed, nor prevent an offer being thus publicly made by one party to pay such higher rate, or to pay whatever the referee may declare to be his usual charge, whether the other party consents thereto or not. Such suggestions and offers bear no resemblance, in fact or in principle, to the case of a promise by a litigant to pay a judge or jury extra compensation for hearing or trying a cause, because the statute permits a higher rate of compensation to be paid a referee when all the parties agree to it, and the courts have held it proper to make such agreement in the referee's presence. The action of the referee in this case in stating to the litigants before him what his usual charge was, and inquiring whether they had made an agreement on that subject, was wholly unobjectionable. Such a course has been impliedly sanctioned by this court in *Townsend* agt. *Peyser* (*supra*). If one party may make the suggestion to agree on a higher compensation in the referee's presence, the referee may himself announce to the parties what his usual charge is and leave it to them to make, or refuse to make, an agreement to pay it.

In this case, at the first meeting, the parties before the referee substantially agreed to pay the usual charges of the referee, subject to deliberation upon it or to consultation with their clients, and, upon the part of Mr. Bartlett, to consulta-

tion with the corporation counsel who had retained him to
try the cause.   At the next meeting Mr. Bartlett was forced
to decline to make any arrangement as to paying the referee
at a higher rate than three dollars a day, under written
instructions from the corporation counsel.   The latter gave
two reasons for refusing to pay more than the statutory fees :
First, that there was no appropriation, which was an eminently
proper ground ; and, second, That where a reference was
ordered against his opposition he would not agree to any
charge greater than the three dollars per diem statutory
allowance, a reason which involves delicate questions of pro-
fessional ethics not calling for judicial comment.

. The plaintiff's counsel then stated that the plaintiff would
be responsible for any difference between the statutory fees
and the charges of the referee, but the referee stated that he
did not choose to be beholden to the promises of either party,
unless all the parties united in the agreement ; that he would
try the case, and when it was submitted and his decision
was prepared, would notify the prevailing party, and would
expect to charge the customary fee of five dollars an hour
and five dollars for every adjournment, which he would
expect the prevailing party to pay, and would consider him-
self entitled to hold his report as security until it was paid,
or until the prevailing party assented to doing so, unless the
court ordered him to deliver it without such payment.

Mr. Bartlett then refused to go on.

Mr. Cronin appearing for the parties defendant, other than
the city, offered to stipulate under section 313 of the Code
for a higher rate of compensation.   Mr. Marrin, for the
plaintiff, explained that what he said was that he was willing
to agree to the usual charges in excess of the statutory allow-
ance, and that the plaintiff was willing to agree under the
statute with the other defendants, and be responsible for his
share of the fees in excess of the statutory allowance.   Mr.
Bartlett then claimed as a legal point, that after an offer is
made by one party to be responsible for an amount of fees

Devlin agt. Mayor.

that the other party refuses assent to, the referee should not proceed with the case. Mr. Marrin suggested that if the parties went before another referee and the city refused to agree to more than three dollars a day, and so before successive referees, the order of the court referring the cause would be defeated. The referee put an end to the discussion and ordered the case to proceed, whereupon Mr. Bartlett withdrew.

In all of this the referee acted with entire independence of the offers of any party to pay a higher rate of fees, or to pay the difference between the statutory fees and his customary charges. As might have been expected from his established high reputation and character, there is not in all the evidence a shadow of ground for charging that he proceeded with the case under the inducement of an offer or promise by one party to the cause to pay him a larger compensation than the other party would agree to, or that he undertook to try the case upon any understanding whatever with any party as to his fees. He expressly refused to consider the suggestion publicly made by plaintiff, after the counsel for the corporation had refused to stipulate, that plaintiff and the other defendants would agree to a higher rate than three dollars a day; he said, on the contrary, that he would not be beholden to the promises of either party unless all united in the agreement. No complaint is made that the charge he declares to be customary with him as referee was extraordinary. On the contrary, Mr. Bartlett, who appeared for the city, stated, before he was instructed on the subject by the corporation counsel, that it was an exceedingly reasonable charge, and would refuse to proceed with the reference unless the corporation counsel agreed to it. Any question which may be said to arise in the case grows out of the offer by plaintiff's counsel to stipulate with the defendants to pay the charges of the referee, which offer was made after the corporation counsel had refused to consent. The referee could not possibly prevent such an offer being made; the only thing he could do

was to reject it, which he promptly did, on the ground that
all parties must consent.   To say that the referee is disquali-
fied because such an offer is made, is to invest the utterances
of counsel before him with too much potency. ˙ No authority
for any such proposition is to be found.   The counsel for the
city, on the first day of the reference, offered to pay the addi-
tional charge of the referee out of his own pocket for that ses-
sion, no agreement having been then made between counsel
as to the charges; such an offer is open to the same criticism
as a promise of additional pay to induce the referee to proceed,
as the offer made by plaintiff's counsel on the subsequent
occasion.   If the subsequent offer alone is to be regarded as
calculated to bias the referee's mind in favor of the party
making it, what is to be said of the effect of the language of
the counsel for the city on the previous day when he approved
of the referee's proposed charge, presumed the corporation
counsel would agree to it; thought the statute a monstrous
one (evidently because it limited referee's fees to three dollars
per day); offered to pay the charge for that session out of his
own pocket, and finally declared he would refuse to proceed
with the reference unless the corporation counsel consented
to the charge.   The referee could no more prevent these
remarks in his presence than he could prevent the subsequent
utterances of counsel discussing the question of his charges.
It is the act of the referee, and not of counsel, which can dis-
qualify him, and in this case, whatever may be said of the
proceedings of counsel, no act of the referee warrants or sup-
ports this application.

    Motion denied.