DETERMINED IN THE

# FIRST DEPARTMENT

AT

# GENERAL TERM,

## March, 1895.

CHARLES W. PACKARD, Plaintiff, *v.* ALPHONSE J. STEPHANI, Defendant.

*Authority of an attorney to make disbursements for his client — right of the latter to refuse to incur expenses — effect of notice of such refusal to a person seeking to recover from the client.*

An attorney in the conduct and management of his client's case has authority to make such necessary and proper disbursements as the case requires, and this authority may be implied merely from the relation between attorney and client, from which a request on the part of the latter will be presumed, but it is equally true that however necessary services may be regarded by the attorney in the client's interest, the latter has a right to refuse to incur them, and the attorney cannot charge the client except in favor of some one who acted, without notice of such dissent on the part of the client, upon the presumed authority with which such attorney was clothed.

Where, however, the person seeking to recover upon the implied or presumed authority which grows out of the client's relation to the attorney, is notified that the attorney has no right to incur the expense, he cannot hold the client responsible.

MOTION by the plaintiff, Charles W. Packard, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, upon the verdict of a jury in favor of the defendant, rendered by direction of the court after a trial at the New York Circuit on 3d day of April, 1894.

*Roger Foster*, for the plaintiff.

*Nelson S. Spencer*, for the defendant's guardian *ad litem*.

O'Brien, J.: .

This action is brought to recover upon a *quantum meruit* the reasonable value of the services of John H. Packard, a physician of Philadelphia, for testifying as an expert witness before a commission appointed to examine into the sanity of the defendant, and upon the trial of the defendant for murder. The claim of Dr. John H. Packard was subsequently assigned by him to this plaintiff.

It appears that in 1885 Dr. Packard had examined the defendant, and subsequent to that period, when passing through New York, had seen him for a moment, and his testimony was required and practically directed to showing the mental and physical condition of the defendant in 1885. Such testimony as he gave was upon the request of the counsel in the case, who, deeming it important, procured the attendance of the doctor upon the commission and at the trial. On both occasions the question at issue was the sanity of the defendant, and in the employment of counsel and the necessary expenses attending these proceedings, it would appear that the mother of the defendant, as well as the defendant himself, took part in arranging for the presentation of his case. Hearing that he was to be a witness, the mother wrote to the doctor as follows: " It'is but right for me to advise you that in case you are called I cannot be responsible for any charges or expenses you may incur." It is not claimed, nor is there any evidence to show, that the defendant requested his attendance; on the contrary, it appears from the testimony that he did not desire the doctor's attendance.

Assuming, therefore, the view most favorable to the plaintiff, that he was called as an expert, and not as an ordinary witness to give testimony to facts within his knowledge — which it would seem from the record was what was required from him — the question is, Can he recover for such attendance? If he can, the question of the value of his services would be one for the jury. The single question presented upon this appeal is whether, in the absence of any request by the defendant or his mother, and in the face of the expressed unwillingness of both, one of whom communicated the fact to him, there is sufficient in the action of the counsel in obtaining the presence of the doctor and placing him on the stand, from which a request and a subsequent obligation on the part of the defendant to pay him can be implied.

There can be no doubt of the authority of an attorney in the conduct and management of his client's case to make such necessary and proper disbursements as the case shall require. This authority can be implied merely from the relation between attorney and client, from which a request on the part of the latter would be presumed. And we think it equally true that, however necessary the services might be regarded by the attorney in the client's interest, the latter has a right to refuse to incur them, and the attorney could not charge the client, except in favor of some one who acted upon the presumed authority with which such attorney was clothed. Where, however, the person seeking to recover upon the implied or presumed authority which grows out of the client's relation to the attorney, is notified that the attorney has no right to incur the expense, he cannot hold the client responsible. Were it otherwise, an attorney might compel the client to pay any and all sums, however much beyond the means or inclination of the client in a particular case, and notwithstanding the person towards whom the obligation was incurred had notice of the restricted or questionable right of the attorney.

It will be noticed that we have discussed the question as though it were the attorney, whereas in this case it was the counsel, upon whose request the doctor came and gave his testimony, but for the purposes of this appeal we have treated it as though the counsel possessed all the power and authority of a regularly retained attorney, which we doubt.

We think, in view of the notice which the doctor received and which was sent him by the mother of the defendant, acting on her own behalf and representing her son, the question of whose sanity was involved, there was sufficient to call in question the right of the counsel to bind her or her son, and it was a matter which the doctor could have set at rest by requiring for his attendance the request of the defendant or his mother. Notwithstanding the notice which he had, however, he did nothing in the way of ascertaining the defendant's wish, but at the request of counsel came to New York, for which he now seeks to charge the defendant. We do not think that upon this evidence there was sufficient to justify the submission of the question to the jury as to whether or not the counsel had implied authority, it appearing that neither the mother, who was acting for the defendant, nor the defendant himself, desired the

doctor's attendance, and in the letter from which we have quoted, which the doctor admits he received, the mother expressly stated that if he came it must be at his own expense.

We think the disposition made by the trial judge was right, and that the exceptions should be overruled and the motion for a new trial denied, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Exceptions overruled and motion for new trial denied, with costs.