(13 App. Div. 293.)

## DUHRKOP v. WHITE.

(Supreme Court, Appellate Division, First Department. January 22, 1897.)

REFEREES—EXCESSIVE FEES—REMEDY.

A referee, who has collected as fees more than the court allows him on the taxation of costs, may be required, by an order made in the action, to refund the excess, for, though he may demand his fees before delivering his report, payment is on the implied condition that such fees shall be adjusted when the costs are taxed.

Appeal from special term, New York county.

Action by Frederick Duhrkop against Isaac White. From an order taxing the fees of Louis Nanneman as referee, and directing him to refund what he had received in excess of the amount taxed, the referee appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

James P. Niemann, for appellant.

Frank J. Dupignac, for respondent.

RUMSEY, J. The appellant here was referee in the action above entitled. When his report was ready for delivery, he advised the plaintiff of the fact, and the plaintiff's attorney, on applying for the report, was informed that the referee's fees were $500, which he paid, considering it to be a reasonable and proper charge. The bill of costs, as served with notice of taxation, contained as a disbursement this item of $500. It was objected to by the defendant's attorney, and was reduced upon the taxation to $200. At the request of the referee, a motion was made for a rehearing upon the taxation, which was denied, and upon that motion the disbursement for referee's fees in the sum of $200 was confirmed as a reasonable and proper charge, and it was ordered that the referee should, within 10 days, pay over to the plaintiff's attorney, from whom he had received payment of his fees, $300, the excess paid above what was fixed as the amount of his fees. It is from that order that the appeal is taken.

The referee is an officer of the court. The statute prescribes the rate at which he is to be paid for services he performs as such an officer, and he can charge only at that rate for what he does in the action. The parties are at liberty, if they see fit, to vary that amount by stipulation entered upon the minutes, but the stipulation must fix the rate of compensation (Bank v. Tamajo, 77 N. Y. 476); and when it is so fixed, his right to compensation is determined by the stipulation. But, while the rate of compensation may be fixed by the agreement of the parties, the total amount to which he is entitled for his services at that rate cannot be finally determined until the costs in the action have been taxed. The referee's fees are a disbursement, and the amount to be allowed for that disbursement, like every other one, is to be determined by the evidence presented to the taxing officer. When the referee has

completed his report, and has it ready for delivery, he is entitled, if he sees fit, to insist that his fees shall be paid, as a condition of the delivery of the report, because, after the report has been delivered, he has no lien for his fees, and must depend for their recovery upon the solvency of the party whose duty it is to pay. The fees being payable before the delivery of the report, the amount, in the nature of things, must depend largely upon what is claimed by the referee. In the ordinary course of practice he fixes the amount of his fees, and it would be a very unusual proceeding on the part of any attorney to refuse to pay the amount charged, unless it was plainly exorbitant and unreasonable; so that, when the attorney of the successful party makes an application for the report which he needs to enable him to enter judgment in the action, he is confronted with the necessity of paying the amount which the referee sees fit to exact as a condition of the delivery of the report, or he must make a motion to the court to fix the amount which he should pay to the referee as a condition of obtaining the report from him. This would be an unpleasant and disagreeable thing to do, and we think that an attorney is not bound to do it at the risk of losing the excess if the amount paid shall prove to be greater than the court will allow. While the referee has the right to demand his fees, it must be, we think, upon the implied condition that they shall be adjusted at the time of the taxation of costs, exactly as they might have been fixed by the court before, if an application for that purpose had been made; and an understanding between the parties must be implied that if, for any reason, the amount paid to the referee shall prove to be greater than the court thinks is a proper allowance, the excess will be returned. No other rule can be established which would enable an attorney who has occasion to take up a report to do so with safety to himself or with justice to his client. While the referee ceases to be an officer of the court after the report has been delivered, and the action disposed of, he still is responsible to the court for what he has done while the relation existed; and that relation surely exists after the report is made, and until it is finally delivered.

These considerations require that we should hold that the order was proper, and should be affirmed, with $10 costs and disbursements, to be paid by the appellant. All concur.