(21 Misc. Rep. 344.)

### NEALIS v. MEYER.

#### (Supreme Court, Appellate Term. October 1, 1897.)

1. REFEREES—FEES—PREPARING REPORT.

A referee is entitled to charge for the time properly occupied in preparing his report.

2. APPEAL—OBJECTIONS NOT URGED BELOW.

Code Civ. Proc. § 1019, provides that a referee's report, in certain cases, shall be filed or delivered within 60 days after final submission of the cause; otherwise, either party may, by notice, before it is filed or delivered, end the reference, and that the referee is then entitled to no fees. In an action by a referee to recover his fees, held, that the objection that he did not comply with these provisions cannot be urged for the first time upon an appeal.

3. REFEREES' REPORTS—TIME FOR FILING.

Held, further, that, until notice of election to terminate the reference, delivery or filing, though after the 60 days, is sufficient.

4. SAME—RIGHT TO FEES—WHEN LOST.

Held, further, that it is only where such election is exercised or the services become valueless by reason of some culpable neglect of the referee that he forfeits or loses his fees.

5. APPEAL—OBJECTIONS NOT URGED BELOW.

Held, further, that an objection to an allowance for payments made by a referee for stenographer's fees cannot be urged for the first time upon an appeal.

**6.** REFEREES—RIGHT TO FEES—PROMISE.

A referee or arbitrator may, by a common-law action, recover compensation for his services, without proving an express promise to pay, for the obligation to compensate is implied from the beneficial nature of the services, aided by the attendance of the parties, from which their consent sufficiently appears.

**7.** COSTS—TRIAL—WHAT CONSTITUTES.

The statute (Consolidation Act, § 1420, as amended by Laws 1894, c. 750, § 2) authorizing the justice, in certain cases, to award to the successful party, where a "trial" shall be had, extra costs, not to exceed five dollars, applies where the unsuccessful party appears by an attorney, who cross-examines the plaintiff for the purpose of defeating his recovery.

Appeal from First district court.

Action by James J. Nealis against John H. W. Meyer. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

F. F. Eberhardt, for appellant.

P. P. Brady, for. respondent.

McADAM, J. On December 18, 1895, the plaintiff was appointed referee in a supreme court action, wherein the above-named defendant was plaintiff, and one Boylan defendant. There were four sittings before the referee, for which he became entitled to the statutory fee of six dollars a day. Code 1895, § 3296. He was also entitled to charge one sitting for preparing his report. Rothschild v. Werner, 4 Law Bul. 28; Von Prochazka v. Von Prochazka, 2 City Ct. R. 440. The justice awarded $30 for the five days spent on the business of the reference, together with $6.75 paid by the referee for stenographer's fees. The defendant asks for a reversal of the judgment, because the referee did not deliver or file his report within 60 days from the time the cause was finally submitted, as required by section 1019 of the Code of Civil Procedure. That point was not raised in the court below, where it might perhaps have been obviated by proof of waiver or the like, and cannot be urged for the first time upon appeal. 8 Enc. Pl. & Prac. 157. There is no proof or suggestion that either party elected to terminate the reference, and, until such election, delivery or filing, though after 60 days, is sufficient. O'Neill v. Howe, 16 Daly, 181, 9 N. Y. Supp. 746. It is only where such election is exercised or the services become valueless by reason of some culpable neglect of the referee that he forfeits or loses his fees. See Geib v. Topping, 83 N. Y. 46. Forfeitures are not favored; hence not generally implied.

A referee or arbitrator may, by a common-law action, recover compensation for his services, without proving an express promise to pay, for the obligation to compensate is implied from the beneficial nature of the services, aided by the attendance of the parties, from which their consent sufficiently appears. Hinman v. Hapgood, 1 Denio, 188; Hoff. Ref. 78; Little v. Lynch, 99 N. Y. 112.

The defendant objects to the allowance of the stenographer's fees, on the ground that there is no proof that he authorized their payment. This objection, like the former one, was not made in the court below, where the required evidence might have been supplied, and cannot

for that reason be urged now.    Gerding v. Haskin, 141 N. Y. 520, 36 N. E. 601.

It is also insisted by the defendant that the justice had no power to allow five dollars extra costs, under the amendment of 1894 (Laws 1894, c. 750) to the consolidation act, upon the ground that no trial was in fact had.    The case cited by appellant (People v. Langbein, 12 Wkly. Dig. 20) is not in point, because there the defendant was personally absent.    His counsel made an application for a postponement, and, that being denied, remained during the inquest to cross-examine the witnesses.    None of these facts appear in the present case.    The defendant appeared by an attorney, who cross-examined the plaintiff for the purpose of defeating his recovery; so that there was a "trial," within the proper meaning of that term, and the justice, in his discretion, had the power to make the award of extra costs.

Judgment affirmed, with costs.    All concur.