(21 App. Div. 42.)

## BROWN v. TRAVELLERS' LIFE & ACCIDENT INS. CO.

(Supreme Court, Appellate Division, Second Department.   October 5, 1897.)

1. AUTHORITY OF ATTORNEY.

Where an attorney is employed to defend an expected case, whether already actually instituted or not, it is within the scope of his authority to incur necessary and proper expenses incident to the conduct or preparation thereof.

2. ACTION AGAINST FOREIGN CORPORATION—COMPLAINT.

A complaint in an action against a foreign corporation is not defective in failing to allege the residence of the plaintiff, or the place where the cause of action arose; and the defendant is not thereby entitled to a dismissal of the complaint on the ground of want of jurisdiction. Code Civ. Proc. § 1780. But, even if such objection were well founded, it is obviated by proof at the trial showing that plaintiff is a resident, and that the cause of action did arise within the state.

Appeal from trial term.

Action by Charles O. Brown against the Travellers' Life & Accident Insurance Company. From a judgment in favor of defendant, entered on a nonsuit, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Edward M. Grout, for appellant.
Walter Carroll Low, for respondent.

CULLEN, J.   This action is brought to recover the value of services rendered by the plaintiff as an engineer and expert in the examination of a building which had collapsed while in the course of erection, causing loss of life and injuries to persons.   There was evidence tending to show that the plaintiff was employed by one Johnson, an attorney at law, on behalf of the defendant.   The nonsuit was granted on the ground that the plaintiff had failed to establish the authority of Johnson to bind the defendant.   We think this disposition of the case was erroneous.   The defendant was a foreign corporation, doing business in the city of New York.   It had an office and a general manager in that city, and Johnson was employed on a salary, as the attorney for the company, at the same place.   J. B. and J. M. Cornell had erected the structural ironwork in the collapsed building.   The defendant had insured that firm to the extent of $50,000 against liability for injuries that might be inflicted on its employés or third parties in the conduct of its business, and the policy gave the defendant the right to control the defense of any suit that might be brought against the Cornells.   It appeared by the testimony of Johnson that he had previously examined and investigated the details of other accidents out of which liability on the part of the defendant might accrue.   He had appeared as attorney for the company in suits against it.   The general agent at New York sent word to Johnson of the occurrence of the accident.   On the trial of this action it was admitted that Johnson was the attorney for the defendant in the subject-matter upon which the plaintiff was employed. The only question, then, is whether the employment of plaintiff was within the scope of Johnson's authority as such attorney.   Had

there been, at the time, a suit pending against the defendant, it would seem settled by authority that Johnson would have had power to employ the plaintiff for the purpose of making the examination, and testifying upon the trial, without any special authority to that effect. Bonynge v. Field, 81 N. Y. 159; Covell v. Hart, 14 Hun, 252; Bonynge v. Waterbury, 12 Hun, 534; Thornton v. Tuttle, 7 N. Y. St. Rep. 801; Packard v. Stephani, 85 Hun, 197, 32 N. Y. Supp. 1016. In the case last cited Justice O'Brien said, in reference to the employment of a physician as an expert witness:

"There can be no doubt of the authority of an attorney, in the conduct and management of his client's case, to make such necessary and proper disbursements as the case may require. This authority can be implied merely from the relation of attorney and client, from which a request on the part of the latter would be presumed."

Does the fact that no action had been instituted at the time make this principle inapplicable? We think not. Where the case is that of the prosecution of a claim, it is clear that the authority of the attorney must precede the commencement of the action, and begin at the time of his retainer. The rule should be the same where an attorney is retained to defend an expected suit. By the Code, evidence can be perpetuated for use in an anticipated litigation as well as in a pending suit. Often evidence, if not obtained at the time of the occurrence, cannot be subsequently procured. This was especially true of that which it was expected the plaintiff might be able to give. We do not say that Johnson, by virtue only of his general employment as legal adviser, might incur this liability for the defendant, but the admission is that he was the attorney of defendant in this particular matter, and he was called upon to act by the New York manager. Now, the particular matter was the expected actions against the Cornells against which the defendant had agreed to indemnify, and the defense of which the defendant was entitled to control. It is therefore the same as if Johnson had been retained to defend a particular suit. His authority would be as great in one case as in the other, and sufficient to render his client liable for any reasonable expenditure. Whether the defendant is responsible for the whole of the plaintiff's claim, including compensation for his attendance as a witness before the coroner's inquest, may be subject to grave doubt. It is not necessary that we should now decide the question, for on a new trial there may be shown more definitely what relation, if any, the coroner's inquest bore to the expected litigations which Johnson was to defend.

The complaint was not defective in failing to allege the residence of the plaintiff, or the place where the cause of action arose. Those matters constitute no part of the cause of action, but go to the jurisdiction of the court. The defendant was not entitled to a dismissal of the complaint on the ground of want of jurisdiction, for such want of jurisdiction did not appear affirmatively on the face of the complaint. Gurney v. Railway Co. (Sup.) 13 N. Y. Supp. 645. The case of Ladenburg v. Bank, 87 Hun, 269, 33 N. Y. Supp. 821, is not an authority on the question of pleading. However, if there was anything in this objection,—which we think there was not,—the objec-

tion was obviated by the proof at the trial, which showed both that the plaintiff was a resident of the state and that the cause of action arose within its limits.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.