(47 App. Div. 270.)

BRUSH v. KELSEY et al.

(Supreme Court, Appellate Division, Second Department. January 9, 1900.)

1. REFERENCE—REFEREE'S FEES—REPORT—RES JUDICATA.
    Where, on refusal of a referee in supplementary proceedings to file his report without payment of his fees, the judgment creditor obtained an order requiring him to file such report, the fact that the justice making the order attached a memorandum thereto fixing the amount of the referee's fees, on which no subsequent order taxing such fees was entered, is not an adjudication of the amount to which such referee is entitled in a subsequent action to recover for his services.

2. SAME—ADJOURNMENTS.

　　Where, in proceedings before a referee, postponements were not made until days appointed for hearings, when, on the referee's attendance, the applications were personally made to him, the referee was entitled to charge for such days as spent in the business of the reference.

3. SAME—VERIFICATION OF EVIDENCE.

　　Where a referee in supplementary proceedings took testimony for 6 days, and had it subsequently written out, a charge for 18 days' services spent in procuring the witnesses to sign and verify their examinations was unreasonable, and should be reduced to 4 days' fees for such services.

　　Appeal from trial term, Kings county.

　　Action by George Brush against William H. Kelsey and others, as executors, etc., of James E. Kelsey, deceased. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Reversed on conditions.

　　Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

　　Horace Andrews, for appellants.

　　J. Stewart Ross, for respondent.

　　PER CURIAM.[1]　This action is brought to recover for services rendered as referee in taking examinations in proceedings supplementary to execution. The plaintiff's claim was for 28 days' service at $10 a day, amounting to $280. The defendants answered that the plaintiff was not entitled for his services to more than $140, and that his fees had been taxed at that sum by a justice of this court; that $50 had been paid on account thereof, and that they had tendered the remaining $90, which sum they were still ready and willing to pay. The payment of $50 was conceded. The jury found a verdict for the sum of $150. From the judgment entered on the verdict, and from the order denying defendants' motion for a new trial, this appeal is taken.

　　As to the plea of former adjudication, the following appear to be the facts: A dispute arose between the defendants and the plaintiff as to the amount of his fees. The plaintiff declined to file his report, and the examination of the witnesses taken before him, unless his claim was paid. Thereupon, on an affidavit of the attorney for the judgment creditor, a motion was made to compel the referee to make and file his report. This was resisted by the plaintiff on the ground that his fees had not been paid. The motion was heard before Mr. Justice Ward, who indorsed on the papers "Motion granted, and fees of referee taxed as per memorandum. F. A. W., J. S. C." The accompanying memorandum, signed in the same manner, after discussing the facts, fixed the referee's fees at $140, of which $50 had been paid, leaving a balance due the plaintiff of $90. No formal order was ever entered in the matter, and two days afterwards the official term of Mr. Justice Ward expired. The defendants contend that by the filing of the memorandum and indorsement the amount due the plaintiff was fixed at $90, and that the determination of

---

[1] This opinion was written by Mr. Justice CULLEN before his designation as an associate judge of the court of appeals, and is adopted by this court.

Justice Ward is conclusive in all other litigations between the parties. The learned trial judge overruled this claim on the ground that no order had been entered on Justice Ward's decision. We do not think it necessary to determine this question, nor whether, the decision having been made, the clerk might not properly, at any time thereafter, enter a formal order upon it, though the judge was out of office. No such order was in fact entered, nor could an order adjudicating the amount of the referee's fees have been properly made on the motion. The only application made by the judgment creditor was to compel the referee to file his report. Neither party applied for a taxation of the referee's fees. The ruling of the trial court, therefore, in this respect, was correct. But we think the amount fixed by Justice Ward was the largest sum which, under any proof in the case, the jury should be permitted to award the plaintiff. There were six actual hearings at which testimony was taken. There were two adjournments, at which no testimony was taken. These postponements were not made until the meetings previously appointed for the hearing. At these times the referee attended, and the application for a postponement was then made to him. These, we think, were properly treated as days spent in the business of the reference, under section 3296 of the Code of Civil Procedure. Jones v. Newton (Sup.) 11 N. Y. Supp. 510. Had the postponements been made in advance of the time set for the hearing, the rule would have been different. Mead v. Tuckerman, 105 N. Y. 557, 12 N. E. 64. The plaintiff testified that he spent one day in making his report and one day in certifying certain exhibits produced in evidence. This makes 10 days' service. The remainder of the plaintiff's claim is for attendance on 18 days for the purpose of having the witnesses sign and swear to their examinations, the testimony having been taken by a stenographer, and subsequently written out in longhand. We think this claim utterly unreasonable. The referee testifies that many appointments were made for the witnesses to attend at which they failed to appear, and thus the making of new appointments was necessitated; but for this neither the judgment creditor nor his attorney was in any way responsible. The plaintiff might be allowed for reasonable time set for the attendance of witnesses, but, if any of them failed to attend at the proper time without reasonable excuse (of which there is no proof given in this case), the remedy was not to indefinitely renew appointments at the judgment creditor's expense, but to punish them for contempt. Four days' fees would be the utmost limit that could be allowed for such service in this case.

The defendants made no valid tender to the plaintiff of any amount, and therefore the latter was entitled to recover in this action the value of his services.

The judgment should be reversed, and a new trial granted, with costs to abide the event, unless the plaintiff elects to reduce his recovery of damages to $90, in which case the judgment as reduced should be affirmed, without costs of the appeal to either party.