### TYRREL v. HAMMERSTEIN.

(Supreme Court, Trial Term, New York County. December, 1900.)

1. ATTORNEY AND CLIENT—RETAINER—AUTHORITY.
    Where an attorney is instructed by his client to take an appeal from a judgment, the client, and not the attorney, is liable for the expenses of printing cases and points on appeal, though the order for the printing is given by the attorney.
2. BANKRUPTCY—LIABILITIES DISCHARGED—DEBT NOT SCHEDULED.
    Under Bankr. Act 1898, § 17, excepting from the operation of the discharge debts which "have not been scheduled * * * unless the creditor had notice or actual knowledge of the proceedings," a debt not scheduled for the reason that it is disputed is not discharged, where the creditor has neither knowledge nor notice of the bankruptcy proceedings.

Action by Benjamin K. Tyrrel against Oscar Hammerstein to recover for printing cases and points on appeal. Judgment for plaintiff.

Hitchings, Palliser & Moen, for plaintiff.
Edwin S. Root, for defendant.

McADAM, J. The plaintiff sues to recover $147.75 for printing the cases and points on appeal in Gallinger against Hammerstein, in which the latter had been defeated in the lower court. Hammerstein, who is defendant here as well as there, instructed his attorneys, Wise & Lichtenstein, to take an appeal from the Gallinger judgment. Such authority carried with it everything necessary to effectuate its purpose, including the printing of the appeal book and points, without which there could be no appeal that an appellate

court would hear. The defendant claims that, because the order for the printing was given by his attorneys, they, and not he, are liable to the printer for the bill. The law is the other way. Attorneys at law, like other agents, are ordinarily exempt from liability to third persons for what they do in the name and on behalf of their principals. Wells, Atty. § 127; Robins v. Bridge, 2 Mees. & W. 119; Judson v. Gray, 11 N. Y. 408; Covell v. Hart, 14 Hun, 252. The only exceptions are for fees to public officers (Campbell v. Cothran, 56 N. Y. 279; Judson v. Gray, supra; Reilly v. Tullis, 10 Daly, 283), or on obligations on which the attorney has pledged his personal credit. An attorney, in the management of his client's case, has authority to make whatever necessary disbursements the case requires. This is implied from the relation between attorney and client, from which a request upon the part of the latter is presumed. Packard v. Stephani, 85 Hun, 197, 32 N. Y. Supp. 1016; Brown v. Insurance Co., 21 App. Div. 42, 47 N. Y. Supp. 253. The client, as the party benefited, is therefore liable for referee's fees (Nealis v. Meyer, 21 Misc. Rep. 344, 47 N. Y. Supp. 156; Harry v. Hilton, 11 Daly, 232) and stenographer's fees (Coale v. Suckert, 18 Misc. Rep. 76, 41 N. Y. Supp. 583), while the attorney is neither liable for the former (Judson v. Gray, 11 N. Y. 408) nor the latter (Bonynge v. Waterbury, 12 Hun, 534; Same v. Field, 81 N. Y. 159, affirmed in 44 N. Y. Super. Ct. R. 581). And see 22 Moak, Eng. R. 505, and notes. The defendant certainly owed the bill sued for, and there is no allegation that it was paid to any one.

The next defense is a discharge in bankruptcy granted by the United States district court, whereby the defendant was discharged from all provable debts and claims which existed against him April 10, 1899, on which day his petition for adjudication was filed. The plaintiff's cause of action existed January 21, 1898, but he claims it was not discharged, because it was not entered upon the schedules filed, and he was not recognized as a creditor in the proceeding. This is founded on section 17 of the act of 1898, which expressly excepts from the operation of the discharge debts which "have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." See, also, Collier, Bankr. (3d Ed.) 197, 198. Under the former bankruptcy act, which contained no such exception, the discharge was a bar, even though the creditor owing the demand was omitted from the schedule and received no notice of the proceeding, provided such omission was not willful or fraudulent. In re Archenbrown, 11 N. B. R. 149, Fed. Cas. No. 504; Lamb v. Brown, 12 N. B. R. 522, Fed. Cas. No. 8,011; Pattison v. Wilbur, 12 N. B. R. 193, 10 R. I. 448; Williams v. Butcher, 12 N. B. R. 143, 1 Wkly. Notes Cas. 304; Platt v. Parker, 13 N. B. R. 14, 4 Hun, 135; Thurmond v. Andrews, 13 N. B. R. 157, 10 Bush, 400; Symonds v. Barnes, 6 N. B. R. 377, 59 Me. 191; Batchelder v. Low, 8 N. B. R. 571, 43 Vt. 662. And so under the state insolvency act. Small v. Graves, 7 Barb. 576; Ayres v. Schreiber, 17 Wend. 407; Cap Co. v. Son, 3 Abb. Prac. (N. S.) 337. The most pertinent inquiry, therefore, is, what was the defect

in the former provision that congress intended to remedy by the new one? For we must hold that the amendment was not made without a substantial purpose. The change most clearly indicated is that, where the creditor has neither knowledge nor notice of the bankruptcy proceedings, his debt, if not duly scheduled, with his name, if known to the bankrupt, is not to be discharged, whether the omission is fraudulent or otherwise. This would seem to be the application by congress to bankruptcy proceedings of the familiar constitutional principle that "due process of law," intended to deprive one of property, contemplates notice of some kind to the party whose property is to be taken, that he may have his day in court and be heard before the court adjudicates against him. Cooley, Const. Lim. (3d Ed.) 353. The plaintiff knew nothing of the bankruptcy proceedings until after the discharge, while the defendant, as well as his agents, knew of the plaintiff's claim, so that there was no good reason for omitting it from the schedules. The fact that the defendant disputed the bill furnishes no reason for its omission; for he might have put a note or memorandum on the schedule that the demand was disputed, that its validity might be tested in some appropriate manner before payment. At all events, the defendant had no right to altogether ignore the plaintiff and his demand, unless he intended, as the act proclaims, that the plaintiff should not be bound by the proceeding in which he was so ignored.

The plaintiff is therefore entitled to judgment.