(84 Misc. Rep. 161.)

QUERY v. COONEY et al.

(Supreme Court, Appellate Term. February 25, 1901.)

STENOGRAPHER'S FEE—AGREEMENT OF ATTORNEYS—RECOVERY—PARTIES TO ACTION LIABLE.
Where the attorneys in a proceeding for the accounting of an executrix made an agreement, which was entered in the minutes of the proceeding, to employ a stenographer, and by a later agreement, also entered in the minutes, provided that the fee should be paid out of the estate, the stenographer was not precluded by such an agreement, to which she was not a party, from recovering her fee from the parties to the action.

Appeal from city court of New York, general term.

Action by Christine Huber Query against John J. Cooney and another. From a judgment of the general term of the New York city court (67 N. Y. Supp. 592) affirming a judgment of the city court in favor of plaintiff, defendants appeal. Affirmed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

G. Gerson Oppenheim, for appellants.

Lavinia Lally, for respondent.

BLANCHARD, J. This action is brought by plaintiff to recover $389.60 for stenographer's services in a matter of the accounting of an executrix, where the defendants were the contesting parties. The trial in the city court resulted in a verdict for the plaintiff for $281.84. From the judgment thereon an appeal was taken to the general term of the city court, where the judgment was affirmed, and from this affirmance the appeal is now taken to this court. The accounting proceedings in which the plaintiff's services were rendered were had before a referee, and at the first session the following stipulation was entered into and recorded upon the minutes:

"It is stipulated by and between the parties hereto that Miss Christine Huber shall be employed as stenographer in these proceedings, at the customary fee, which shall be hereafter agreed upon between the parties hereto."

After certain testimony had been taken, a subsequent stipulation was entered into by the attorneys, and placed in the minutes of the proceedings, to the following effect:

"It is stipulated by and between the parties that the stenographer shall furnish three copies of the minutes of these proceedings, at the rate of 35 cents per folio for three copies, to be paid out of the funds of the estate."

There was no question as to the amount of the bill; appellants' claim being that there was no liability upon them, in view of the second stipulation in the case. This is the point that is made upon this appeal.

There can be no question as to the right of an attorney to bind his clients for stenographer's services performed. Tyrrel v. Hammerstein, 33 Misc. Rep. 505, 67 N. Y. Supp. 717; Coale v. Suckert, 18 Misc. Rep. 76, 41 N. Y. Supp. 583. The trial court submitted to the jury the question as to whether or not, under these stipulations, the defendants or the estate were to be liable for stenographer's fees, and the jury found for the plaintiff against these defendants. The second stipulation cannot be considered as a binding contract upon the plaintiff to forego the right which she had to look to defendants for the payment of her services. With the verdict of the jury rendered under these circumstances this court will not interfere.

The judgment should be affirmed, with costs. All concur.