# Cases

---

ANTON DAY, Respondent, v. FREDERICK EISELE, Appellant, Impleaded with FREDERICK BORGWALD, Respondent.

*Contractor unwarrantably prevented from completing work — he may recover on quantum meruit.*

A building contractor, who, at a time when he has partially performed his con-tract and is not at fault thereunder, is unwarrantably excluded from the prem-ises by the owner and prevented from completing his contract, may recover upon a *quantum meruit* for the work actually done by him.

APPEAL by the defendant, Frederick Eisele, from a final judgment of the Supreme Court in favor of the plaintiff and the defendant Frederick Borgwald, entered in the office of the clerk of the county of Westchester on the 14th day of October, 1901, upon the decision of the court rendered after a trial at the Westchester Special Term.

*Henry C. Botty* [*George C. Appell* with him on the brief], for the appellant.

*Frank M. Avery*, for the plaintiff, respondent.

PER CURIAM:

This is a suit to foreclose a mechanic's lien. The plaintiff entered into a contract to furnish materials and perform the labor necessary for the construction of a residence and stable for the appellant. The work had gone on about a month when the appellant undertook to stop it by the service of a notice terminating the contract on the ground that the plaintiff had not proceeded with proper diligence.

The plaintiff refused to recognize the right of the appellant to do this, and went on until he was forcibly prevented by the appellant from further continuing the performance of the agreement.

In the present suit the contractor has sought and obtained relief upon the theory that the appellant unwarrantably excluded him from the premises and prevented him from completing the contract although he was not at fault but had prosecuted the work with due diligence up to the time of his exclusion. There is ample evidence in the record to sustain this view, and it entitled the plaintiff to recover upon a *quantum meruit* for the work actually done by him. (*Clark* v. *Mayor*, 4 N. Y. 338; *Simmons* v. *Ocean Causeway*, 21 App. Div. 30.)

We have examined the numerous exceptions to which our attention is called by the brief in behalf of the appellant, but fail to find any one which points out an error that would justify a reversal.

The judgment should be affirmed.

All concurred.

Judgment affirmed, with costs.