### DAY v. EISELE et al.

(Supreme Court, Appellate Division, Second Department. November 14, 1902.)

1. CONTRACTS—INTERFERENCE WITH WORK—QUANTUM MERUIT.
    A contractor for erection of a building, who, not being at fault, is pre-
    vented by the owner from completing it, may recover on a quantum
    meruit for work done.

Appeal from supreme court, Westchester county.

Action by Anton Day against Frederick Eisele and another to fore-
close a mechanic's lien. From a judgment on a decision in favor of
plaintiff and defendant Frederick Borgwald, defendant Eisele appeals.
Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

Henry C. Botty (George C. Appell, on the brief), for appellant.
Frank M. Avery, for respondents.

PER CURIAM. This is a suit to foreclose a mechanic's lien.
The plaintiff entered into a contract to furnish materials and perform
the labor necessary for the construction of a residence and stable for
the appellant. The work had gone on about a month, when the ap-
pellant undertook to stop it by the service of a notice terminating the
contract on the ground that the plaintiff had not proceeded with
proper diligence. The plaintiff refused to recognize the right of the
appellant to do this, and went on until he was forcibly prevented by
the appellant from further continuing the performance of the agree-
ment. In the present suit the contractor has sought and obtained re-
lief upon the theory that the appellant unwarrantably excluded him
from the premises and prevented him from completing the contract,
although he was not at fault, but had prosecuted the work with due
diligence up to the time of his exclusion. There is ample evidence in
the record to sustain this view, and it entitled the plaintiff to recover
upon a quantum meruit for the work actually done by him. Clark v.
City of New York, 4 N. Y. 338, 53 Am. Dec. 379; Simmons v. Ocean
Causeway, 21 App. Div. 30, 47 N. Y. Supp. 360.

We have examined the numerous exceptions to which our attention
is called by the brief in behalf of the appellant, but fail to find any one
which points out an error that would justify a reversal. The judgment
should be affirmed.

Judgment affirmed, with costs.