## KEELER v. BELL.

(Supreme Court, Special Term, Schuyler County. June 30, 1905.)

1. REFERENCE—REFEREE'S FEES—LIABILITY.

Where a referee was appointed under a stipulation to take testimony, and both parties had the benefit of his services, they were both responsible for his fees.

2. SAME—EMPLOYMENT BY ATTORNEYS—PRESUMPTION.

Where a referee was appointed by attorneys under a stipulation, such employment was sufficient to raise a presumption of a contract for the referee's services on behalf of the parties to the suit.

3. SAME—FEES—RECOVERY—NECESSITY OF REPORT.

Where parties to an action terminated the same by a stipulation, and entered a judgment without the knowledge or consent of the referee, and the plaintiff therein was the prevailing party, the referee's cause of action for fees could be enforced against plaintiff, the defendant being insolvent, without the filing or delivery of the referee's report.

4. SAME—AMOUNT RECOVERABLE.

A referee's recovery for fees should be limited to the actual hearings before the referee, and to such adjourned days as the parties met and further adjourned, whether evidence was taken or not.

Action by Samuel C. Keeler against Helena S. Bell. Judgment for plaintiff.

Owen Cassidy and O. P. Hurd, for plaintiff.
Clark Bell, Esq., for defendant.

FORBES, J. This is an action to recover for services performed as a referee in an action in the Supreme Court. After several days' hearing and numerous adjournments, in which there was no evidence taken by the referee, the attorneys in that action terminated the case by stipulation for a judgment in favor of the plaintiff in that action. A judgment was entered against the defendant in the action, together with the costs and disbursements up to the time of the stipulation. This arrangement was made without the knowledge or consent of the referee. In the entry of the judgment the referee's fees were inserted into the judgment as a disbursement in behalf of the plaintiff at $112. This was done without the knowledge or consent of the referee, the plaintiff in this action. An execution was issued on the judgment so entered against the body of the defendant in that action. He was taken on the execution, imprisoned, and finally discharged. The evidence shows that the defendant was insolvent, and the judgment was not collectible. An answer was served in the present action, and upon the trial the defendant claims that she is not liable for the referee's fees, because no report was ever made or filed; and, secondly, that unless those disbursements were collectible from the defendant in the first action, the referee's fees cannot be collected. This raises the question of the rights of the parties in the enforcement of a claim on the part of the referee for services. The reference was entered into by stipulation between the attorneys in the first action. Evidence was

taken at Dundee several days, the parties being present and consenting thereto.

The authorities seem to sustain the proposition that each of the parties to the stipulation, having the benefit of the services performed by the referee, is responsible. Russell v. Lyth, 66 App. Div. 290, 72 N. Y. Supp. 615. The defendant in the first action being insolvent, the plaintiff in the present action seeks to enforce the collection of his claim alone against the plaintiff in the first action. I am inclined to think that the plaintiff's position is the correct one. The employment by the attorneys under a stipulation is sufficient to raise the presumption of a contract for the services. It was held in Hinman v. Hapgood, 1 Denio, 188, 43 Am. Dec. 663, that "an arbitrator may recover compensation for his services without proving an express promise to pay. Where the submission is to several arbitrators, each may maintain a separate action for his compensation." The same doctrine was held in Nealis v. Meyer, 21 Misc. Rep. 344, 47 N. Y. Supp. 156, where a client directs his attorneys to appeal, and they employ a printer to print the case and points, the client is liable to the printer, while the attorneys are not, unless they have pledged their personal credit. Tyrrel v. Hammerstein, 33 Misc. Rep. 505, 67 N. Y. Supp. 717; Brown v. Travelers' L. Ins. Co., 21 App. Div. 42, 47 N. Y. Supp. 253; Packard v. Stephani, 85 Hun, 197, 32 N. Y. Supp. 1016; Morrow v. MacMahon, 71 App. Div. 171, 75 N. Y. Supp. 534; Bonynge v. Field, 81 N. Y. 159; Consolidated Fruit Jar Co. v. Wisner, 103 App. Div. 453, 93 N. Y. Supp. 128.

The Code rule undoubtedly is that the making, delivery, or filing of a referee's report is a condition precedent to his right to recover; but this is only so where the case has been submitted to the referee, and the time limit in which to decide the case has expired. Code Civ. Proc. § 1019; Little v. Lynch, 99 N. Y. 112, 1 N. E. 312; Duhrkop v. White, 13 App. Div. 293, 43 N. Y. Supp. 190. Where the parties themselves terminate the action by stipulation, and enter a judgment without the knowledge or consent of the referee, and the plaintiff is the prevailing party, the cause of action can then be enforced against him without the filing or delivery of the referee's report. Clark v. Mayor, 4 N. Y. 338, 52 Am. Dec. 379. The same principle is held in Thomas v. Stewart, 132 N. Y. 580, 30 N. E. 577; MacKnight Stone Co. v. Mayor, 160 N. Y. 72, 54 N. E. 661; Vandegrift v. Cowles En. Co., 161 N. Y. 435, 55 N. E. 941, 48 L. R. A. 685; O'Dwyer v. Smith, 38 Misc. Rep. 136, 77 N. Y. Supp. 88; Day v. Eisele, 76 App. Div. 304, 78 N. Y. Supp. 396. The amount of the recovery must be limited to the actual hearings before the referee, and to such adjourned days at which time the parties met and further adjourned, whether evidence is taken or not. Brush v. Kelsey, 47 App. Div. 270, 62 N. Y. Supp. 214; Mead v. Tuckerman, 105 N. Y. 557, 12 N. E. 64.

The stipulation by the plaintiff's attorney of the amount of the referee's fees and the entering in his bill of costs and disbursements for $112 may be assumed as at least the value of the services actually performed; and for the purposes of this action the value of the

services is fixed at that amount, together with $2 a day for expenses while at Dundee (seven days), making $14 expenses, amounting, in all, to $126, with interest on that sum from the date of the entry of the original judgment on the 2d day of May, 1901; and judgment is ordered accordingly.