SAMUEL C. KEELER, Plaintiff, *v.* HELENA S. BELL, Defendant.

(Supreme Court, Schuyler Special Term, October, 1905.)

Reference — Compensation of referee — Liability of parties — Amount.

> Where a cause is referred by stipulation, each of the parties is liable for the fees of the referee; and where the cause is, after several hearings and without the knowledge or consent of the referee, terminated by stipulation for judgment in favor of the plaintiff, he is liable to the referee for his fees, although no report was made and filed.
>
> In such case, the recovery must be limited to the actual hearings before the referee and to those adjourned days when the parties met and further adjourned, whether evidence was taken or not.

ACTION to recover for services performed as a referee in an action in the Supreme Court.

Owen Cassidy and O. P. Hurd, for plaintiff.

Clark Bell, for defendant.

FORBES, J.    This is an action to recover for services performed as a referee in an action in the Supreme Court. After several days' hearing and numerous adjournments in which there was no evidence taken by the referee, the attorneys in that action terminated the case by stipulation for a judgment in favor of the plaintiff in that action. A judgment was entered against the defendant in the action, together with the costs and disbursements up to the time of the stipulation. This arrangement was made without the knowledge or consent of the referee. In the entry of the judgment the referee's fees were inserted into the judgment as a disbursement in behalf of the plaintiff at $112. This was done without the knowledge or consent of the referee — the plaintiff in this action. An execution was issued on the judgment so entered against the body of the defendant in

that action. He was taken on the execution, imprisoned and finally discharged. ' The evidence shows that the defendant was insolvent and the judgment was not collectible.

An answer was served in the present action and, upon the trial, the defendant claims that she is not liable for the referee's fees, because no report was ever made or filed; and secondly that, unless those disbursements were collectible from the defendant in the first action, the referee's fees cannot be collected.

This raises the question of the rights of the parties in the enforcement of a claim, on the part of the referee, for services. The reference was entered into by stipulation between the attorneys in the first action. Evidence was taken at Dundee several days; the parties being present and consenting thereto.

The authorities seem to sustain the proposition that each of the parties to the stipulation, having the benefit of the services performed by the referee, is responsible. Russell v. Lyth, 66 App. Div. 290.

The defendant in the first action being insolvent, the plaintiff in the present action seeks to enforce the collection of his claim alone against the plaintiff in the first action. I am inclined to think that the plaintiff's position is the correct one. The employment by the attorneys, under a stipulation, is sufficient to raise the presumption of a contract for the services.

It was held in Hinman v. Hapgood, 1 Den. 188, that "An arbitrator may recover compensation for his services, without proving an express promise to pay. Where the submission is to several arbitrators, each may maintain a separate action for his compensation." The same doctrine was held in Nealis v. Meyer, 24 Misc. Rep. 344.

Where a client directs his attorneys to appeal and they employ a printer to print the case and points, the client is liable to the printer; while the attorneys are not, unless they have pledged their personal credit. Tyrrel v. Hammerstein, 33 Misc. Rep. 505; Brown v. Travelers' Life Ins. Co., 21 App. Div. 42; Packard v. Stephani, 85 Hun, 197; Morrow v. McMahon, 71 App. Div. 171; Bonynge v. Field, 81 N. Y.

159; Consolidated Fruit Jar Co. v. Wisner, 103 App. Div. 453.

The Code rule undoubtedly is that the making, delivery, or filing of a referee's report, is a condition precedent to his right to recover; but this is only so where the case has been submitted to the referee and the time limit in which to decide the case has expired. Code Civ. Pro., § 1019; Little v. Lynch, 99 N. Y. 112; Duhrkop v. White, 13 App. Div. 293.

Where the parties themselves terminate the action by stipulation and enter a judgment, without the knowledge or consent of the referee, and the plaintiff is the prevailing party, the cause of action can then be enforced against him without the filing or delivery of the referee's report. Clark v. Mayor, 4 N. Y. 338.

The same principle is held in Thomas v. Stewart, 132 N. Y. 580; MacKnight Flintic Stone Co. v. Mayor, 160 id. 72; Vandegrift v. Cowles En. Co., 161 id. 435; O'Dwyer v. Smith, 38 Misc. Rep. 136; Day v. Eisele, 76 App. Div. 304.

The amount of the recovery must be limited to the actual hearings before the referee, and to such adjourned days at which time the parties met and further adjourned, whether evidence is taken or not. Brush v. Kelsey, 47 App. Div. 270; Mead v. Tuckerman, 105 N. Y. 557.

The stipulation by the plaintiff's attorney of the amount of the referee's fees and the entering in his bill of costs and disbursements for $112 may be assumed as at least the value of the services actually performed; and for the purposes of this action the value of the services is fixed at that amount, together with $2 a day for expenses while at Dundee, seven days, making $14 expenses; amounting in all to $126, with interest on that sum from the date of the entry of the original judgment on the 2d day of May, 1901; and judgment is ordered accordingly.

Judgment accordingly.