(21 App. Div. 300.)

### LYTH v. GREEN et al.

(Supreme Court, Appellate Division, Fourth Department. October 15, 1897.)

1. REFERENCE—FAILURE TO DETERMINE ISSUES.

In an action by a surety on a bond for performance of a municipal contract against the contractor and plaintiff's co-surety to recover payments made at the request and for the benefit of defendants, plaintiff alleged that, after the contract was made, defendants became partners, and, as such, entered on the performance of the contract, and that they on January 19, 1894, abandoned it. The answer of defendant contractor alleged that plaintiff and his co-surety in January, 1894, undertook and agreed to com-

plete the contract, and assume all liabilities incurred, or to be incurred. *Held*, that it was error for the referee not to determine the issue made by such an answer, and to refuse to take the sums so paid, etc., by plaintiff, into consideration in making up his report, as between plaintiff and the contractor, and as between plaintiff and his co-surety; assuming that he was not in fact a principal.

**2. SAME.**

The co-surety in his answer denied that he and the contractor were jointly interested, as alleged, and charged that, when the bond was executed, plaintiff agreed to save him harmless. He also testified that plaintiff orally so agreed, while plaintiff denied such agreement. *Held*, that it was error not to determine such issue.

**3. SAME—ACCOUNTING.**

Such co-surety alleged in his answer that, when the contract was abandoned by the contractor, he and plaintiff agreed that they would complete it, that such co-surety should superintend the work, and have $175 per month for his services, payable out of the profits, and each should share equally the profits and losses; and demanded an accounting and a judgment for $1,014.70. *Held*, that an account of the profits and losses by plaintiff and such co-surety in the completion of the contract should have been ascertained, and a judgment directed, determining their rights arising out of the bond and the completion of the contract.

Appeal from judgment on report of referee.

Action by Alfred Lyth against Edward J. Green and James Baldwin, in which defendant Baldwin set up a counterclaim. From a judgment dismissing the complaint, with costs, as against defendant Green, and for $543.40 damages, with costs, in favor of defendant Baldwin, and appointing a receiver of the personal property belonging to such defendant and plaintiff, entered on the report of a referee, separately stating the facts found and the conclusions of law, plaintiff appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

H. J. Swift, for appellant.
H. B. Butterfield, for respondent Baldwin.
Laughlin, Ewell & Houpt, for respondent Green.

FOLLETT, J. This action was begun February 20, 1895, to recover of the defendant $2,782.99, alleged to have been paid by the plaintiff for the benefit of the defendants, upon their request, and the sum of $1,184.44, a liability alleged to have been incurred by the plaintiff for the benefit of the defendants, upon their request,—total, $3,967.43. It is alleged in the complaint that August 15, 1893, Edward J. Green entered into a written contract with the city of Buffalo to construct a sewer for $19,683, and that on the same day Edward J. Green, as principal, and Alfred Lyth and James L. Baldwin, as sureties, executed a joint and several bond to the city in the penalty of $9,842, conditioned that Edward J. Green should perform the contract, and pay the wages of laborers employed on the work, and for all material used in the performance of the contract. It is further alleged that, after the execution of the contract, Green and Baldwin became partners, and, as such, entered upon the performance of the contract, and continued therein until about January 19, 1894, when the contract was abandoned. It is further al-

leged in the complaint that the plaintiff, as bondsman, upon the re-
quest of Green and Baldwin, paid $2,782.99, and at their request
became liable to pay $1,184.44, for which sums, aggregating $3,967.-
43, the plaintiff demands judgment against the defendants.

The defendants served separate answers. The answer of Green
contains four subdivisions, numbered 1, 2, 3, and 4. The following
are copies of the first, second, and third subdivisions:

"(1) This defendant admits all of the allegations contained in the first folio
of said complaint; also admits the allegations contained in folio 6 and the first
two lines of folio 7 in said complaint contained; also admits the first two lines
of folio 9 in said complaint contained. (2) This defendant denies that he has
any knowledge or information sufficient to form a belief as to any of the al-
legations set forth in folios 2, 3, 4, and 5 in said complaint contained. (3)
This defendant denies each and every allegation in said complaint contained
not hereinbefore specifically admitted or denied."

The folios in the record do not correspond with those of the origi-
nal complaint.

Under the well-settled rules for the construction of pleadings, this
court must determine this appeal upon the theory that none of the
allegations in the complaint referred to in the subdivisions of the
answer quoted are denied by the defendant Green, and upon this
record the plaintiff is entitled to a reversal of the judgment in favor
of Green. Williams v. Lindblom, 68 Hun, 173, 22 N. Y. Supp. 678,
affirmed 142 N. Y. 682, 37 N. E. 825. The only part of the answer
of defendant Green which can be considered by this court is the
fourth subdivision thereof, in which it is alleged that the plaintiff
and defendant James L. Baldwin, in January, 1894, undertook and
agreed to complete the contract, and assume all liabilities incurred,
or to be incurred, in the execution thereof. This important issue
was not determined by the referee.

It was proved on the trial, and not disputed, that the plaintiff had
paid, and become liable to pay, on account of his suretyship, the
sums alleged in the complaint; but the referee refused to take these
sums into consideration in making up his report, as between the
plaintiff and Green, and, as between the plaintiff and Baldwin, his
co-surety, assuming that he was not in fact a principal; and for this
error the judgment should be reversed as against both respondents.

The defendant Baldwin, by his answer, admitted the execution
of the contract and of the bond, as alleged in the complaint, but de-
nied that he and Green were jointly interested in the performance of
the contract, as alleged in the complaint. He further alleged that,
when the bond was executed, the plaintiff agreed to save him
(Baldwin) harmless from all liability thereon. It is further alleged
in this answer that about January 14, 1894, Green abandoned his
contract, and that it was thereupon agreed between the plaintiff
and Baldwin that they should go on and complete the contract, that
Baldwin should superintend the work, and have $175 per month for
his services, payable out of the profits of the contract, and that each
should share equally the profits and losses arising out of the com-
pletion of the contract; and in this answer an accounting is demand-
ed between Baldwin and the plaintiff of all moneys received and
paid out in the performance of the contract, and for a judgment

against the plaintiff for $1,014.70. The plaintiff served a reply controverting the counterclaim. Baldwin testified that the plaintiff orally agreed to save him harmless from all liability on the bond, which was denied by the plaintiff. This important issue of fact was not determined by the referee.

It is not material whether the persons who worked on this sewer and those who furnished materials therefor could have maintained actions on the bond against the sureties for the recovery of their claims, provided the plaintiff paid the claims pursuant to the request of the defendants, or of either of them; and, in case he paid the claims for Green, or for Green and Baldwin, if they were partners, in good faith, and because of his supposed liability on the bond, he has the right to be subrogated in the place of the creditors, and recover the sums paid of Green, or of Green and Baldwin, if they were partners.

In determining this action, the referee should have ascertained and stated the amount paid or incurred by the plaintiff for the benefit of the defendants, or of either of them, on account of the bond, before the plaintiff and Baldwin undertook the completion of the contract, which sum should have been charged against Green and Baldwin as principal debtors, if they were partners, and, if not, then against Green alone; and, if the plaintiff paid and incurred these sums on the request, or with the knowledge and consent, of Baldwin, he not being a partner with Green, he, as between himself and the plaintiff, should be charged as a co-surety with one-half of such sums. An account of the profits made or the losses incurred by Lyth and Baldwin in the completion of the contract should have been ascertained, and a judgment directed, determining the rights of these litigants arising out of the bond and the completion of the contract. This is essentially an equitable action for the adjustment of the rights arising between a principal and his sureties, and also between the sureties; and the transactions are so connected that the rights of the parties should be determined in this action. The plaintiff, by appropriate exceptions taken to the referee's report, and to his refusal to pass upon the important issues arising between the parties, raised the questions herein discussed.

The judgment should be reversed, and a new trial granted before another referee to be appointed by this court, with costs to abide the event. All concur.