(28 Misc. Rep. 265.)

### THOMPSON v. RICH et al.

(Supreme Court, Trial Term, New York County. June, 1899.)

1. REFEREES—LIABILITY OF PARTIES FOR FEES.

    The original liability of parties to a referee for his fees is not affected by the manner in which the expense of the reference is or may be finally adjusted as between themselves.

2. SAME—LIABILITY OF ASSIGNEE—ACCOUNTING.

    Where a reference is had on motion of creditors in a proceeding against an assignee to compel an accounting, and the circumstances clearly negative his desire for the reference, he is not liable to the referee for fees, although he voluntarily attended the reference to submit his accounts.

3. SAME—LIABILITY OF ASSIGNEE'S BONDSMAN.

    Where an assignee's bondsman, for the purpose of guarding his own interests, attends a reference had on motion of creditors in a proceeding

against the assignee for compulsory accounting, and voluntarily takes part therein, the bondsman's obligation to pay the referee for his services will be implied.

Action for referee's fees by John S. Thompson against William S. Rich and others.    Tried without a jury upon consent.

Adolph Bierck, Jr., for plaintiff.
Max Hallheimer, in pro. per.
Charles J. Patterson, for defendant Roth.
George C. Comstock, for remaining defendants.

BISCHOFF, J.    The plaintiff, having been duly appointed referee to take and state the accounts of an assignee in a proceeding for a compulsory accounting, and having performed services as such referee, and filed his report, has instituted this action to recover his fees, joining as defendants the active creditors, the assignee, and one of the sureties upon the latter's bond.    The propriety and reasonableness of the claim as to amount being admitted by all defendants upon the trial, and there being apparently no dispute as to the liability of the creditors defendant who had moved the reference, the question is solely as to the liability of the assignee and his bondsman to the plaintiff.    In the first place, it may be said that the question of original liability to the referee for his fees is not affected by the manner in which the expenses of the reference may be, or might have been, finally adjusted as between the parties by order of the court. The allowance of disbursements to one party against the other was something distinct from the original rights of the referee against the persons who engaged his services, expressly or by implication, and no guide is to be expected in the present case by resort to rules which are applied between the parties to a reference in taxing their disbursements upon the coming in of the referee's report.    A party's liability to the referee must depend upon contract, and where there is no express contract the matter must depend upon principles applicable generally to actions in assumpsit.    Geib v. Topping, 83 N. Y. 46.    Here there was no express contract, and it is claimed on behalf of the assignee and the bondsman that no request upon their part for the performance of services by the referee was to be implied from the circumstances.    As to the assignee, I think the contention that there was no implied request is sound.    His appearance before the referee, and his taking the affirmative in support of the account, were acts of a complimentary nature, and no request for the referee's services can be inferred where the circumstances negative the party's desire that the services should be performed.    That the proceeding was compulsory is clearly significant of the assignee's unwillingness to account at that time, and his attendance at and participation in the reference in his official capacity, for the purpose of submitting his accounts, could have been actively compelled.    Hence, to infer a request for the referee's services upon his part, would be to disregard the actual facts.    As to the bondsman, however, it appears that liability should be imposed.    The reference involved the matter in which he was personally interested, and, to protect his interest, he voluntarily took part in the proceedings.    He availed himself of the

referee's services, for his own benefit as a party, and this situation gives rise to the legal implication of a request.   As was said by the appellate term of this court in Nealis v. Meyer, 21 Misc. Rep. 344, 47 N. Y. Supp. 156: "A referee or arbitrator may, by a common-law action, recover compensation for his services, without proving an express promise to pay, for the obligation to compensate is implied from the beneficial nature of the services, aided by the attendance of the parties, from which their consent sufficiently appears." Nor can it be held that the liability extends only to the services rendered upon the particular days when this defendant attended the reference.    The services necessarily continued to the filing of the report, and the proceeding was entire, for the referee's right to compensation, in legal recognition, was not complete until his report was filed.   With the question as to the apportionment of the expense between the parties who jointly requested his services the referee is not concerned, since this is a matter for the parties to adjust.    The legal right of one to contribution from the others affords protection to each with regard to his ultimate liability, apart from the adjustment of the expense, when treated as a disbursement in a judicial proceeding, but the referee is entitled to his compensation, in the first instance, from the parties who employed him, without regard to their final settlement among themselves.    Judgment for plaintiff, except as against defendant David J. Rothschild, as to whom discontinuance was granted, and except against defendant Hallheimer, as to whom complaint is dismissed, with costs.

Ordered accordingly.