RUSSELL v. LYTH et al.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1901.)

1. REFEREES—COMPENSATION—LIABILITY OF PROTESTING PARTY.
    Where the presiding justice, foreseeing a long accounting, orders a reference notwithstanding plaintiff's protest, and plaintiff participates in the reference without objection to the person selected as referee, his protest will not absolve him from liability for the referee's fees.

2. SAME—LIABILITY OF LOSING PARTY.
    The right of a referee to compensation is not dependent on the solvency of the successful party to the reference, or on the ability or willingness of the attorney of that party to pay, but he can hold liable for his fees each of the parties to the action.

3. SAME—RIGHT OF ACTION.
    A referee may deliver his report without receiving his compensation, and resort to his action at law to recover the same.

4. SAME—REVERSAL ON APPEAL—EFFECT.
    The right of a referee to compensation is not affected by the fact that the court on appeal disagrees with the conclusions reached by him.

Appeal from trial term, Erie county.

Action to recover fees as referee by Joel W. Russell against Alfred Lyth, impleaded, etc. From a judgment for plaintiff, and from an order denying a new trial, defendant Alfred Lyth appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, and WILLIAMS, JJ. .

H. J. Swift, for appellant.
J. W. Russell, in pro. per.

SPRING, J. An action was pending -in the supreme court in which the appellant was plaintiff. The trial was in progress, when the justice presiding, foreseeing that a long accounting between the parties was imminent, suspended the trial, and, against the protest of the present appellant,. ordered a reference to hear, try, and determine the issues; and, as the parties were unable to agree upon a referee, the trial court directed that the plaintiff act in that capacity, and no objection to this selection seems to have been made by either party. The referee spent upward of 30 days upon the trial and in the preparation of his report, and disposed of the case favorably to the defendants in the action, and delivered his report to the attorney for the defendants, but his fees were not paid. Judgment was entered pursuant to the report, and upon an appeal it was reversed, and a new trial ordered before another referee. 21 App. Div. 300, 47 N. Y. Supp. 478. The plaintiff has never been paid for his services as referee, and this action was commenced against all the parties to the action tried by him to recover the compensation to which he claims to be entitled therefor. The only party served was the present appellant, and in fact the other defendants named are irresponsible.

The principal contention of the appellant is that, because the reference was ordered against his will, he is absolved from any liability for the payment of the fees of the referee. This position is untenable. When a suitor is in court to secure an adjustment of his difficulties, he submits himself to the procedure of the court applicable to his case. The power of the court to order a reference where the examination of a long account is required (Code Civ. Proc. § 1013) is a matter which pertains to the mode of procedure to the remedy, and is incident to the action. There was no appeal from the order in this case, and we must assume, therefore, that the court at the trial term was justified in directing the reference. Not only was no objection made to the appointment of the plaintiff as referee, but the appellant, with his attorney, attended the protracted trial daily, participating in it and submitting the questions involved in the action to the plaintiff. In every aspect of the case, therefore, he must be held to have acquiesced in the appointment of the plaintiff.

Code Civ. Proc. § 1019, requires the referee, upon the completion of his report, either to file it with the clerk or deliver it "to the attorney for one of the parties within sixty days" from the time of the final submission of the case. There is no requirement that he deliver it to the attorney for the prevailing party, although that may be the usual practice; nor is it obligatory that he exact the payment of his fees before the delivery of his report. His compensation is not dependent upon the solvency of the successful party, or the ability or willingness of the attorney of that party to pay. The referee may decline to comply with the statute until his fees are paid, and run the hazard of having the reference terminated, or he may file or deliver his report without receiving his compensation, and resort to an action at law to obtain what he has earned. A dispute may arise as to the amount of his compensation. That compensation is to be adjusted by the taxing officer, and the attorney for the prevailing party may regard the charge made as excessive. The referee, rather than have the reference terminated, may prefer to file or deliver his report,

and trust to his common-law action to recover for the services he has rendered. Presumptively the services have been valuable to both parties, and their character, and the fact that they were performed with the acquiescence of all the litigants, raise an implied promise to pay him the compensation to which he is entitled. Nealis v. Meyer, 21 Misc. Rep. 344, 47 N. Y. Supp. 156; Hinman v. Hapgood, 1 Denio, 188, 43 Am. Dec. 663. In effect, he was employed by all the parties to the litigation to perform a specific service at a fixed recompense, and, like any other employé, he can hold liable each of his employers. The Code regulates the compensation of the referee as a disbursement among the litigants, but there is no limitation upon their common-law liability to pay him for the labor rendered at their instance.

The referee was entitled to compensation as soon as he delivered his report, and that right is unaffected by the fact that the appellate court disagreed with the conclusions reached by him. The judgment and order should be affirmed, with costs and disbursements to the respondent.

Judgment and order affirmed, with costs and disbursements to the respondent. All concur.