### BOTTOME v. ALBERST et al.

(Supreme Court, Appellate Term. June 26, 1905.)

1. SPECIAL PROCEEDINGS — REFERENCE—FEES—REFEREE—STENOGRAPHER—PERSONS LIABLE.

   All parties to a special proceeding, including those who objected to the appointment of a referee, if any, are liable after such appointment for referee's and stenographer's fees.

2. SAME—INCOMPETENT'S COMMITTEE.

   Where the administratrix of a deceased person instituted a special proceeding against an attorney to recover certain papers and money alleged to belong to the estate, and the committee of an incompetent claiming to be interested in the estate appeared on a motion for the appointment of a referee, drew the order for the appointment of such referee, took part in the reference, etc., such committee was liable for fees of the referee and stenographer.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Willard B. Bottome against Maria Alberst and others. From a Municipal Court judgment in favor of plaintiff, except as to defendant George Burnham, Jr., plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

William S. Bennett, for appellant.

Austin & McLanahan (George C. Austin, of counsel), for respondents.

SCOTT, P. J. This is an action by an assignee of a referee and stenographer to recover the amount of their fees. The proceeding in which the reference was ordered was a special proceeding instituted by one Maria Alberst, widow and administratrix of Herman

Alberst, Jr., deceased, to compel an attorney to turn over to her certain papers and moneys alleged to be the property of the estate. The defendant George Burnham, Jr., was the committee of an incompetent, also named Maria Alberst, who was the mother of said Herman Alberst, Jr., deceased. Judgment went in the court below in favor of the plaintiff against the petitioner in the special proceeding and the attorney against whom the proceeding was instituted, but the complaint was dismissed as to the committee of the incompetent, and from this judgment the plaintiff appeals.

It is well settled that all the parties to an action (and the same rule applies to a special proceeding) are liable for the fees of a referee, even including those parties, if any, who objected to the appointment of a referee. Russell v. Lyth, 66 App. Div. 290, 72 N. Y. Supp. 615. And the same rule applies to the fees of an unofficial stenographer employed with the consent and acquiescence of the parties. The question presented, therefore, is whether or not the committee of the incompetent person was a party to the special proceeding.

It appears that the purpose of the special proceeding was to obtain from the attorney proceeded against some papers and documents and a considerable sum of money. As to the papers, it may, perhaps, be claimed that the petitioner claimed them as her personal property; but, as to the money, it clearly was claimed as a part of the estate of Herman Alberst, deceased. The attorney for the committee of the incompetent appeared on the motion for the appointment of the referee, and actually drew the order of reference which was finally entered. He also appeared before the referee and took part in the proceedings. The counsel for the attorney against whom the proceeding was taken objected at one stage of the reference to any participation therein by the attorney representing the committee of the incompetent, whereupon the latter stated his position as follows:

"I represent the committee of one Maria Alberst, who is an incompetent person and an inmate of the Manhattan State Hospital, as the next of kin of Herman Alberst Jr., deceased. She is entitled to one-half of the estate. The witness here is the administratrix of that estate. She claims to be the widow of Herman Alberst, Jr. That is disputed. If that contention on our part is sustained, the incompetent person is entitled to all this estate, and the least she is entitled to is one-half of it."

Upon the trial in this action the same attorney thus explained the reason for his appearance in the special proceeding:

"When the motion [for the appointment of a referee] came on before Mr. Justice Barrett on the moving papers on which the order of reference was subsequently made, I appeared and was heard for the sole purpose, as I stated in open court that my only interest in the proceeding was to have the funds which Mr. Magee admitted were in his hands, deposited in some court, proceeding pending this decision, for safe-keeping. I distinctly stated to Judge Barrett that I had no interest in the proceeding other than to see that the funds which Mr. Magee admitted he had in his hands belonging to the estate of Herman Alberst, Jr., deceased, should be deposited in a trust company."

These statements fairly represent the position of the committee toward the proceeding. It appears that his counsel was present at

the sessions of the reference, and took such part as he deemed to be necessary to reach the end he desired. It cannot be questioned upon the record either that the committee participated in the proceeding, or that he was interested in the result. The purpose of the proceeding was to compel an attorney to pay over certain moneys. The committee sought and desired an order that he should do so, and thus was actively interested in seeing that an order to pay over was made. Under these circumstances, the committee's liability for the fees of the referee and stenographer stands upon the same footing as the liability of the other parties to the proceeding.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.