(54 Misc. 258)

## BOTTOME v. NEELY et al.

(Supreme Court, Appellate Term.   May 16, 1907.)

1. REFERENCE—FEES OF REFEREE—PARTIES LIABLE.
   All parties to an action or special proceeding are liable for the fees of a referee, including those objecting to the appointment of the referee.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Reference, § 111.]

2. COURTS—UNOFFICIAL STENOGRAPHER—COMPENSATION—PARTIES LIABLE.
   The rule that all parties to an action or special proceeding are liable for the fees of a referee applies to the fees of an unofficial stenographer employed with the consent and acquiescence of the parties.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 200.]

3. ATTORNEY AND CLIENT—STENOGRAPHER'S AND REFEREE'S FEES—POWER OF ATTORNEY.
   An attorney has power to bind a client for the payment of stenographer's and referee's fees.

4. REFERENCE—LIABILITY FOR FEES OF REFEREE.
   Where, in proceedings to have the bond of defendants as administrators of estate increased, the surrogate ordered a reference, and the parties to the proceeding stipulated for the employment of a stenographer at a certain compensation, to be made a part of the referee's fees and paid out of the estate, defendants were not liable individually for the fees.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Reference, § 111.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Willard B. Bottome against James R. Neely and others to recover certain referee's and stenographer's fees.   Judgment for plaintiff, and defendants appeal.   Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Sanford S. Gowdey, for appellants.
Jesse Grant Roe, for respondent.

GILDERSLEEVE, P. J.   All defendants were sued as individuals. The appellants are, and have been since early in 1905, administrators of the estate of Agnes C. Taylor, deceased, who died intestate.   In 1905, in New York county, in the Surrogate's Court, one Davies obtained an order to show cause why the bond of said administrators should not be increased.   The administrators opposed that motion, and the Surrogate's Court, on its own motion, by order of July 11, 1905, directed a reference to John S. Jenkins, as referee, to take evidence and report, with his opinion, with all convenient speed.   The parties met—the appellants as administrators—to take evidence before

the referee on August 23, 1905, and then this stipulation was made in the minutes, as follows:

"It is stipulated by and between the parties that Clarence Bonynge be employed as stenographer, and that he furnish one copy of the minutes, and that his fees (at the rate of 25 cents per folio, and $5 per diem in case the testimony taken at any one hearing does not, at the folio rate, aggregate $5, or in case two hours' notice of adjournment be not given) be made a part of the referee's fees, and paid out of the estate on the taking up of the referee's report."

This stipulation was received in evidence by consent. It was never changed, and the referee and stenographer acted under it to the end of the reference. The evidence was closed November 8, 1905, and the case finally submitted to the referee during December, 1905. His report was never delivered, but was filed October 30, 1906, after the assignments to the plaintiff and after the commencement of this action. Robert O'Byrne, who appeared before the referee for the administrators, notified them that he would no further act as their attorney in the matter, and after that Sanford S. Gowdey came into the case. Sanford S. Gowdey, claiming to have been retained as attorney and counsel for the administrators, served, in pursuance of sections 2546 and 1019 of the Code of Civil Procedure, on June 2, 1906, upon L. B. Treadwell, attorney for the adverse party, Davies, the following notice:

"Surrogate's Court, County of New York.

"Estate of Agnes C. Taylor, Deceased.

"Sir: Take notice that the administrator and administratrix in the above-entitled estate have retained me as attorney and counsel, and I hereby appear for them herein, and that they elect to end the reference herein to John S. Jenkins, referee, in pursuance of sections 2546 and 1019 of the Code of Civil Procedure, because no report has been filed or delivered as therein specified.

"Dated, June 1, 1906.

"Yours, etc.,                                        Sanford S. Gowdey,
        "Office and P. O. Address, Manhattan, City of New York.
"To Leman B. Treadwell,
        "Attorney for Adverse Party, Davies."

No order substituting said Gowdey as such attorney has ever been made. On October 29, 1906, the summons and complaint in this action were served upon the appellants. The assignment of the referee and the stenographer to the respondent had been made already, and his complaint verified. The answer denies any individual liability, and sets up want of consideration for assignments; failure of referee to file or deliver his report, and that the stenographer's fees became a part of the referee's fees; laches; termination of the reference by notice, in pursuance of sections 2546 and 1019 of the Code of Civil Procedure; appearance of appellants before referee in official capacity only and by compulsion; liability of the estate of Agnes C. Taylor, deceased, in any event, and not appellants personally; and that there is no personal property in said estate, and only real estate, over which appellants have no control, and which is now in suit in partition. The referee's report has never been confirmed by the Surrogate's Court, nor his fees, or those of the stenographer, allowed or taxed.

It is true that all the parties to an action (and the same rule applies to a special proceeding) are liable for the fees of a referee, even includ-

ing those parties, if any, who objected to the appointment of a referee. Russell v. Lyth, 66 App. Div. 290, 72 N. Y. Supp. 615. The same rule applies to the fees of an unofficial stenographer employed with the consent and acquiescence of the parties. Bottome v. Alberst, 94 N. Y. Supp. 348 (App. Term, Scott, J.). And an attorney has power to bind his client for the payment of stenographer's and referee's fees, and a client is responsible for stenographer's fees in a case where the stenographer is employed by his attorney to take the minutes of proceedings before a referee appointed by a surrogate. Harry v. Hilton, 11 Abb. N. C. 448. Also, see Keeler v. Bell, 48 Misc. Rep. 428, 95 N. Y. Supp. 841, and cases cited. But appellants individually were not parties to the Surrogate's Court proceeding at all, and were not individually liable for the fees here claimed under the above-quoted stipulation, which was made by them in their representative capacity only. Whether or not an action could be maintained against them in their representative capacity, under the circumstances presented in this case, it is unnecessary to here determine. The action cannot be maintained against them individually, and the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.