### PEOPLE v. BANK OF STATEN ISLAND.

(Supreme Court, Appellate Division, Third Department. May 5, 1909.)

REFERENCE (§ 76*)—FEES OF REFEREE—STIPULATION.

Where, at the first hearing before a referee appointed to take testimony as to the compensation of the attorney for a receiver, a stipulation was entered that the referee's fees and disbursements may be determined by the court, "without regard to the statutory limitation, such limitation

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

being hereby waived," the court was authorized to fix the compensation, although Code Civ. Proc. § 3296, provides a specified compensation for a referee, unless a different rate of compensation is fixed by consent or a smaller compensation is fixed in the order appointing him, as the receiver, his counsel, and the referee were all officers of the court; and the compensation to the attorney is a disbursement by the court in the administration of an estate by the court itself.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 110; Dec. Dig. § 76.*]

Appeal from Special Term, Albany County.

Action by the People of the State of New York against the Bank of Staten Island. From an order fixing the compensation of a referee and directing payment, John S. Davenport, as receiver of the bank, appeals. Affirmed.

See, also, 112 App. Div. 791, 99 N. Y. Supp. 486.

Argued before SMITH, P. J., and CHESTER, KELLOGG, SEWELL, and COCHRANE, JJ.

Jellenik & Stern (Nathan D. Stern, of counsel), for appellant.
Russel S. Johnson, for respondent.

COCHRANE, J. A receiver having been appointed for the Bank of Staten Island, an insolvent corporation, and a controversy having arisen as to the amount of compensation to be paid to the attorney for such receiver, the court appointed the respondent a referee to take testimony relevant to the question of such compensation and to report to the court with his opinion thereon. The referee performed such duty, and, as required by the order of his appointment, made his report to the court, together with his opinion. At the first hearing before the referee the following stipulation was entered in the stenographer's minutes:

"Stipulated that the referee's fees and disbursements herein may be determined by the court upon presentation of his report, without regard to the statutory limitation; such limitation being hereby waived."

Subsequently to the time of making the above stipulation the receiver resigned, and the appellant herein was substituted in his place. After the referee had made his report, the appellant moved at Special Term for an order, among other things, fixing the compensation to be paid to such referee. The court fixed the amount of such compensation in excess of that permitted by section 3296 of the Code of Civil Procedure. From that part of the order determining the compensation to be paid to the referee, the receiver appeals.

If this question is controlled by section 3296 of the Code of Civil Procedure, the order cannot be sustained, notwithstanding the stipulation above set forth, which was entered in the stenographer's minutes before the referee. First National Bank of Cooperstown v. Tamajo, 77 N. Y. 476; Griggs v. Day, 135 N. Y. 469, 32 N. E. 238; New York Mutual Savings & Loan Association v. Westchester Fire Insurance Company, 98 App. Div. 285, 90 N. Y. Supp. 710. The proposition established by those authorities is that, where there is to be "a different rate of compensation" than that permitted by the statute, such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"different rate of compensation" must be "fixed by the consent of the parties," as specifically required by said section 3296, and that such statutory requirement "is in harmony with the general policy of the law that costs, when allowed, shall be according to a fixed and definite, rule and shall not depend as to amount upon the discretion of any court or officer."

It is quite clear, however, that this case is not within section 3296 of the Code of Civil Procedure. Here the fund out of which the costs, not only of the referee, but also of the receiver and his counsel, are to be paid, is in the custody of the court, and is to be administered by the court. The receiver, his counsel, and the referee are all officers of the court. The disbursement in question is one arising in the ordinary course of the administration of the estate of an insolvent corporation. The referee was appointed for the assistance and information of the court. There were before the referee no "parties," in the sense in which that term is used in said section 3296, by whom the compensation of the referee could be fixed. The real party was the court. The receiver was merely its officer or agent, and any stipulation or agreement which he might make, affecting the compensation of the referee or otherwise, in the performance of his duty as such receiver, would be subject to the supervision and approval of the court. We think, under such circumstances, it was proper for the court to fix the amount of compensation which should be paid for services directed by itself in the administration of an estate which was being administered by the court itself, and that such a case is not within section 3296 of the Code of Civil Procedure. The compensation of the referee was in reality a disbursement of the court itself, and not of a party, in the ordinary sense of the term.

The compensation to the referee, as determined by the court, seems not to be unreasonable in amount, and we are not disposed to interfere with the same on that ground.

The order, so far as appealed from, should be affirmed, with $10 costs and disbursements. All concur.