(66 Misc. Rep. 384.)

### FINCH v. WELLS.

(Supreme Court, Special Term, Albany County.   February, 1910.)

COURTS (§ 57*)—COMPENSATION OF STENOGRAPHER—PARTIES LIABLE.

Where the parties to a reference agreed that the fees of the stenog-rapher should be taxed with the referee's costs, they are jointly liable to him, and an action against only one of them will not lie for defect of parties.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 200; Dec. Dig. § 57.*]

Action by Charles C. Finch against William T. Wells. Judgment for defendant.

Stern & Hirschfeld, for plaintiff.
Robert Imrie, for defendant.

LE BŒUF, J.  The plaintiff sues to recover $115.50, with interest from March 1, 1905, the value of stenographic services as unofficial stenographer in the trial of an unconcluded reference in an action brought by Albany Brass & Iron Company, plaintiff, against William T. Wells, defendant. A. Page Smith, by an order entered therein, was appointed referee to hear and determine, and at the request of all the parties to the action, acting by their attorneys, the plaintiff rendered the services whose value is admitted by the demurrer. Upon the first hearing a stipulation was entered upon the minutes:

"It is stipulated that the fees of the stenographer be taxed with the ref-eree's costs."

Three copies of the minutes were, at the request of the parties, de-livered to the referee, the attorney for the plaintiff, and the attorney for the defendant. In February, 1905, the last hearing took place; and the plaintiff claims that no hearings have taken place for more than three years, and that the parties do not intend to have any fur-ther hearings or further prosecute the action.

It appears upon the face of the complaint that neither the referee nor the plaintiff in the action wherein the services were rendered is a party to this action. The defendant demurred upon the ground that a defect of parties appears upon the face of the complaint, and sepa-rately demurs that the complaint does not state facts sufficient to con-stitute a cause of action. If the plaintiff in the first action jointly con-tracted with the defendant to pay these fees, then that plaintiff is a necessary party, and the demurrer should be sustained, as a defect of parties appears upon the face of the complaint, and the party will be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

assumed to be living. Code Civ. Proc. § 448; Id. § 488, subd. 6; Sullivan v. New York & R. Cement Co., 119 N. Y. 348, 23 N. E. 820.

Plaintiff relies upon Eckstein v. Schleimer, 62 Misc. Rep. 635, 116 N. Y. Supp. 7, which does hold that the plaintiff, in an action by a stenographer for services rendered, "had a right to sue either party to the reference for her fees, because a joint and several promise to pay for the expenses of the stenographer is implied by law against both parties to the reference through the acceptance of the stenographer's services." This decision would be controlling; but, unfortunately for the plaintiff, the authority which it cites, the case of Coale v. Suckert, 18 Misc. Rep. 76, 41 N. Y. Supp. 583, holds the converse of the proposition for which it is cited as an authority. It was held in that case that the right of an unofficial stenographer to compensation depended upon contract, express or implied, and that the liability was a joint liability on the part of the parties to the action.

In Russell v. Lyth, 66 App. Div. 290, 72 N. Y. Supp. 615, the plaintiff sued all parties to the original action. Only one was, however, served, and it was shown upon the trial that the others were financially irresponsible, an excuse for not proceeding against the others. The fact that the court there, however, did say that the plaintiff could "hold liable each of his employers," would seem only to apply to the situation then presented to the court.

In Keeler v. Bell, 48 Misc. Rep. 427, 95 N. Y. Supp. 841, the plaintiff, as referee, brought suit against the plaintiff only in the action in which he acted as referee, but set up the insolvency of the defendant in that action. Stress was laid on that fact by the court in holding that the action was maintainable.

In Bottome v. Alberst, 47 Misc. Rep. 665, 94 N. Y. Supp. 348, action was brought against all parties to a special proceeding to recover the amount of fees and charges of the referee and stenographer. The complaint was dismissed as to the committee of an incompetent person. It was held in that case that the committee was a proper party to the action and that the dismissal of the complaint was error.

In Bottome v. Neeley, 124 App. Div. 600, 109 N. Y. Supp. 120, it is said:

"As a general rule, in the absence of a stipulation or contract, parties to a litigation are liable to a referee and stenographer for their services."

It is not suggested in any of these cases, other than Eckstein v. Schleimer, supra, that the liability may be several. The cases that are cited where action was brought after judgment are not controlling, for that is not the situation here.

Plaintiff's attorneys assert that the allegation that the parties do not intend to prosecute this suit is a reason for permitting him to sue but one of the parties to the contract. When all the parties are before the court, this may be an excuse (as to which the court expresses no opinion) for bringing the action, regardless of the stipulation. Nor does the court believe that the rule of procedure as to the parties is to be disregarded because defendant may, under section 822 of the Code of Civil Procedure, move to have the action dismissed for nonprosecution. That section does not confer an absolute right upon the plain-

tiff to that relief. The court may exercise its discretion and allow the action to proceed.

That the defendant in this action will suffer no hardship, even if that takes place, because, if judgment is entered against him, he would be compelled to pay the referee's fees anyway, is no excuse for violating a rule of procedure, if the court is correct in assuming from the authorities cited that such a rule exists. The court is of the opinion that the plaintiff and defendant, and not the referee, in the action in which the services were rendered, are necessary parties to this action, and the demurrer for defect of parties is therefore sustained.

The objection to this complaint is a purely technical one, and no claim is made that the plaintiff is not entitled to at some time recover of some one the amount of his claim. If it were possible under the circumstances to sustain the demurrer without the right to costs, it would be done; but the authorities will not permit such a course. Marsh v. Graham, 19 Misc. Rep. 263, 44 N. Y. Supp. 253. Costs may therefore be taxed by the clerk.

In view of the decision upon the first demurrer, no determination of the second demurrer is deemed necessary. Defendant may have judgment accordingly, with leave to plaintiff to amend his complaint in such manner as he may be advised, and to bring in the additional party within 30 days, if so advised; else, final judgment may be entered herein dismissing the complaint.

Judgment accordingly.