(70 Misc. Rep. 637.)  •

PEOPLE v. BANK OF STATEN ISLAND. In re MAYER. In re RUBSAM & HORRMANN BREWING CO.

(Supreme Court, Special Term, Albany County. January 28, 1911.)

REFERENCE (§ 76*)—COMPENSATION OF REFEREE—DISCRETION OF COURT.

Where the compensation of a referee, appointed to examine the accounts of the receiver of an insolvent state bank and a disputed claim against the bank, is not governed by Code Civ. Proc. § 3296, the court will allow him compensation for the days actually engaged in the examination of the accounts and the disputed claim and the hearings thereon, but will not allow compensation for days spent in traveling between his home and the place where the hearings were had.

[Ed. Note.—For other cases, see Reference, Dec. Dig. § 76.*]

Russell S. Johnson, for referee.
Jellenik & Stern, for receiver.

RUDD, J.   An affidavit has been filed, verified by Hon. John C. Davies, showing itemized statement of disbursements incurred by him, as referee, between March 9, 1905, and January 15, 1911, amounting to $738.50.   An affidavit has also been presented, verified by Mr. Davies, showing that he was actually engaged, sitting as referee at hearings held in the city of New York, in the above matters, 25 days, and that he was actually engaged in the examination and consideration of the various accounts of Joseph B. Mayer, receiver, and of the testimony taken upon the accounting, and concerning the disputed claim of Rubsam & Horrmann Brewing Company, and in the examination of the various briefs and argument of counsel, and in preparing three reports as referee, 31 days, and also that he was engaged in going to and returning from the city of New York 48 days.

The payment to the referee for services rendered during the days that he was traveling between his home and the city of New York is objected to by the attorneys for the receiver.   It seems as if it could hardly be said that such days were actually and necessarily devoted

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the hearing and determination of the questions presented to the referee. The fees which are to be allowed herein are, under the authority of People v. Bank of Staten Island, 132 App. Div. 589, 116 N. Y. Supp. 827, in the discretion of the court, and are not governed and limited by section 3296 of the Code of Civil Procedure.

In the exercise of that discretion, I think it is proper that the referee should be allowed $30 per day for 56 days in which he was engaged in the actual hearing and determination of the questions which came before him as referee, making $1,680. His disbursements are allowed at $736.25, making a total allowance for fees and disbursements of $2,416.25.

An order may be entered, fixing the above amounts, and directing the receiver to pay the same from the funds in his custody.