Settle order.

LEO ECKMAN, Appellant, *v.* PFEIFER OIL TRANSPORTATION Co., INC., Respondent, et al., Defendants.

Supreme Court, Appellate Term, First Department, December 24, 1947.

*Leo Eckman,* appellant in person.

*Thomas J. Irving* for respondent.

HECHT, J. The defendant Pfeifer Oil Transportation Co., Inc., moved for summary judgment against the plaintiff and the plaintiff crossed moved for summary judgment against all the defendants. The court below granted defendant's motion, denied plaintiff's motion as to Pfeifer but granted it as to defendant Koebke and severed the action as to defendant Barnes who was not served. Plaintiff brings the action as the assignee of a referee and a stenographer, to recover the amount of their fees. In a previous action, brought by defendants Barnes and Koebke against Pfeifer, the referee had been appointed on consent of the parties to hear and report in an assessment of damages. At the beginning of the hearing before the referee, the usual stipulation was entered into waiving the statutory fees of the referee and fixing the rate of the stenographic charges. Nothing was said in the stipulation as to who would be liable for the fees and charges. After the hearing, the referee assessed the damages, his report was adopted by the court and judgment entered accordingly. In the judgment the fee of the referee and the stenographic charges were listed as disbursements. Pfeifer appealed and on appeal the judgment was reversed and the complaint dismissed. (*Barnes v. Pfeifer Oil Transp. Co.,* N. Y. L. J., May 23, 1947, p. 2039, col. 1.) The

fees of the referee and the stenographer were never paid; hence this action. Pfeifer claims that it is not liable for the respective claims because of the reversal of the judgment. Plaintiff contends that all parties are liable, and liability to him does not rest on the success or failure of the respective parties. The question of liability for these fees, as between the parties to the original action, is not before the court. (See Civ. Prac. Act, § 1518.) Nor are we presented with a contract or stipulation between the original parties as to liability. (Cf. *Bottome* v. *Neely,* 54 Misc. 258, affd. 124 App. Div. 600.) We are called upon to determine liability in a common-law action against all parties for services rendered.

It is clear that Pfeifer, in consenting to the procedure followed in the original action, acquiesced in the reference. This is not a case where the party is compelled to appear before the referee as in a proceeding for a compulsory accounting. (*Thompson* v. *Rich,* 28 Misc. 265.)

A case similar to the instant one is *Russell* v. *Lyth* (66 App. Div. 290), even to the point that the losing party before the referee, reversed the judgment on appeal. There the court held that the services rendered were presumptively valuable to both parties and the referee could hold both parties liable. The rule in the *Russell* case (*supra*) as to the fee of a referee was adopted as to stenographic charges in *Bottome* v. *Alberst* (47 Misc. 665 [App. Term, 1st Dept.]). I am of the opinion that the *Russell* case adopted the proper rule applicable to this case.

The judgment so far as appealed from and order directing entry of said judgment should be reversed, with $10 costs, and motion of said defendant Pfeifer Oil Transportation Co., Inc., denied. Order, so far as appealed from denying plaintiff's motion, should be reversed, and motion granted.

HAMMER and HOFSTADTER, JJ., concur.

Judgment and order reversed, etc.