Harold Birns, J.
Motions numbered 110, 111, 109 and 108 on the calendars of June 7, June 22, July 7, and July 17, of 1967, respectively, are consolidated herein and decided together.
In this action to recover the fee awarded in judicial settlement of his services as a court-appointed Referee in an action in the Supreme Court, New York County, the plaintiff moves for an order granting summary judgment against defendant Commercial Metals Co. (Commercial Metals), the plaintiff therein. The other defendants herein were the original defendants in that Supreme Court action which was discontinued, after the order of reference and hearings conducted pursuant thereto, as against the individual defendant, Raul Slavin, without costs and without prejudice as to the remaining corporate codefendants.
*730 At the initial hearing conducted by the plaintiff pursuant to the order of reference contained in an interlocutory judgment in favor of Commericial Metals against the corporate codefendants, the attorneys for all the respective parties in the Supreme Court action stipulated that the statutory fee of the Referee would be waived 1 ‘ and that the Referee may receive such fee as the court may deem proper Thus, from the outset the plaintiff’s fee was left with the court for determination. In his report filed with the court, after the conclusion of the hearings, the plaintiff recommended that the court provide: “in its order to be made on the confirmation of this report, that the fee which the court may allow * * * shall in the first instance be advanced and paid by the plaintiff (Commercial Metals), to be allowable as an out-of-pocket disbursement as hereinbefore recommended.”
The order made on the confirmation of the report directed that final judgment be entered in favor of Commercial Metals, and provided in relevant part: “ Ordered that the said motion be and hereby is granted in its entirety with fees and costs assessed against the defendants Caribbean Federation Lines, Ltd. and Kervin Shipping Corporation; * * * Ordered that the amount of the fee of Harold Davis, Referee appointed by judgment of this court dated December 28,1959 be and hereby is fixed in the amount of $6,000.00/100 and that judgment be entered herein taxing said fee against the defendants Caribbean Federation Lines, Ltd. and Kervin Shipping Corporation, jointly and severally; . . .”. (Emphasis supplied.)
Pursuant to the aforesaid order, Commercial Metals included the expense of the reference as a disbursement which had been “ or will necessarily be made and incurred ” in its bill of costs and notice of taxation filed with the Supreme Court to be recovered from the corporatee defendants as part of the judgment which it entered. Commerical Metals has never paid any part of the Referee’s fee, apparently because it has been unable to collect any part of its judgment in the three years which have elapsed since entry thereof, whereupon the plaintiff instituted this suit against all the parties to the Supreme Court action to recover his fee on the judgment therein.
Commerical Metals has interposed as defenses a general denial and a claim that the plaintiff’s action is premature since it has not exhausted its remedies against the corporate judgment debtors (against whom the reference fee was taxed), and has cross-claimed against its codefendants herein foi* indemnification should it be held liable to the plaintiff for his fee. Commercial Metals has also moved to stay the instant motion by *731 the plaintiff for summary judgment and the motions by ■ the individual defendant, Raul Slavin, to dismiss the complaint and cross claim as against him, and for an order directing the defendant Slavin to appear for an examination before trial on its cross claim.
The sole issue on the instant motion for summary judgment is whether the plaintiff may recover his Referee’s fee against the defendant Commercial Metals without so moving against the other defendants herein. In the opinion of this court, the question must be answered in the affirmative.
In view of the Supreme Court’s explicit direction in its judgment that the expense of the reference be assessed against the losing parties (Caribbean Federation Lines, Ltd. and Kervin Shipping Corp.) and 11 that judgment be entered herein (in that action) taxing said fee against ” said corporate codefendants, jointly and severally, it is patent that the Supreme Court intended thereby that said expense would be borne in the first instance by Commercial Metals, the prevailing party therein, to be recovered from the aforesaid defendants as part of the judgment entered against them. It is similarly apparent, in the light of this explicit direction, that no part of the expense of the reference was assessed by the court against the individual defendant, Raul Slavin, against whom the action had been discontinued without costs. The fact that Commercial Metals included the Referee’s fee as a disbursement in its bill of costs and as part of the judgment which it entered against the corporate codefendants therein supports this conclusion.
Though the question does not frequently arise in reported cases, it is clear .that the Supreme Court acted within its discretion in directing that the cost of the reference be borne by the prevailing party in the first instance with the latter having the right to recover same from the judgment debtors as part of its judgment (Paramount Pictures v. Brandt, 276 App. Div. 1002). Determinations concerning a Referee’s compensation (where the statutory fee has been waived) and the party, if any, who shall bear the burden of it, rest in the sound discretion of the court (Newton v. Consolidated Gas Co., 259 U. S. 101, 105; Dollard v. Koronsky, 61 Misc. 392; People v. Bank of Staten Is. 70 Misc. 637). This court may not review herein the exercise of that discretion. Accordingly, since the Supreme Court did not make payment of the Referee’s fee by Commercial Metals contingent upon its success in collecting its judgment, and since this is a suit on that judgment, the motion by defendant Commercial Metals to stay the instant motions by the plaintiff and by defendant Raul Slavin, is denied; and the motion by the *732 plaihtiff for summary judgment against defendant Commercial Metals is granted.
The motions by the individual defendant to dismiss the complaint and cross claim as against him are also granted. Generally speaking, where a Referee is appointed to compute damages, all parties are severally liable to him in a common-law action for his fee regardless of who succeeded in the action and regardless of'who among the parties is ultimately liable therefor, inter se (Eckman v. Pfeifer Oil Transp. Co., 191 Misc. 44; Little v. Lynch, 99 N. Y. 112). As has been pointed out herein-before, this is an action on that judgment to recover the fee awarded and in the manner prescribed therein, and not a common-law action by the plaintiff for recovery of his fee. As such, the plaintiff and, for that matter, defendant Commercial Metals are relegated to recovering same in the manner prescribed from the party or parties, initially or ultimately, responsible therefor. No part of that fee is, however, recoverable from the individual defendant herein merely because he was originally a party to that action since the judgment of the Supreme Court assessed said expense against the corporate codefendants only. Accordingly, the complaint and the cross claim against the individual defendant are dismissed.
With respect to that branch of defendant Commercial Metals’ cross claim which seeks to pierce the corporate veil of its corporate codefendants in order to hold the individual defendant liable for indemnification of the judgment rendered herein, the dismissal thereof is without prejudice. The right to the relief requested should be asserted, upon a proper showing, in supplementary proceedings to enforce the judgment heretofore obtained in the Supreme Court, of which judgment the expense of the reference is but a small part.